IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : : |
| v. | :  Civil Action WMN-01-2872 : |
| WARFIELD-ROHR CASKET COMPANY, INC. | : : |

**MEMORANDUM**

Presently pending before the Court are Plaintiff's Motion for Summary Judgment (Paper No. 13) and Defendant's Motion for Summary Judgment (Paper No. 16).[1]  The motions are ripe for decision.  Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be denied and Defendant's motion will be granted.

**I. BACKGROUND**

Defendant Warfield-Rohr is a retail distributor of caskets and urns.  Defendant also custom-builds casket interiors and sells various other burial products to funeral homes throughout Maryland, Delaware, and Virginia.  Frederick Kuehnl is an experienced carpenter and upholsterer who has spent his entire adult life working in the

---

[1] Also before the Court is Plaintiff's Motion for Leave to File Surreply to Defendant's Cross Motion for Summary Judgment (Paper No. 23).  Because the Surreply responds directly and briefly to the material presented in Defendant's Motion for Summary Judgment, the Court will grant Plaintiff's motion and accept the pleading as filed.

craft of casket trimming.  Kuehnl began working for Defendant in January 1971 as a casket trimmer.  At that time, there were approximately thirteen people working in the casket trimming room.  The work in the trimming room was organized into two basic categories: sewing and trimming.

In 1982, Kuehnl was promoted to the position of foreman of the casket department at Warfield-Rohr.  At that time, he became a salaried employee.  Although Kuehnl retained all of his original duties as a casket trimmer, as foreman, he trained and supervised sewers and apprentice casket trimmers.  Over the years, the work in the casket trimming room decreased substantially, and the need for employees in the room decreased as well.

At the beginning of 1998, there were only two people working in the casket trimming room in addition to Kuehnl: a trimmer (Michael Eisenhardt) and a seamstress (Elizabeth Skenderovic).  Eisenhardt quit in January 1998.  In April 1998, Matt Moore was hired as a casket trimmer to replace Eisenhardt.  During this time, Defendant's sales and profitability declined.  By December 1999, sales had dropped more than twenty percent, and income from operations dropped over seventy-five percent.

In 2000, Defendant terminated two employees: a salesman and Kuehnl.  Keuhnl was fifty-six at the time.  Approximately ten months after his termination, Keuhnl filed a charge with the Equal Employment Opportunity Commission (EEOC) claiming that he was

discriminated against because of his age.  On September 25, 2001, the EEOC filed this action alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b).  Both sides now move for summary judgment.

**II. LEGAL STANDARD**

A moving party is entitled to summary judgment only upon showing that there exists no genuine issue as to any material fact and entitlement to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Blue Ridge Ins. Co. v. Puig, 64 F. Supp.2d 514 (D. Md. 1999) (citing, inter alia, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When both parties file motions for summary judgment, the court applies the same standards of review.  Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991); ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment--even where ... both parties have filed cross motions for summary judgment.")(emphasis omitted), cert. denied, 469 U.S. 1215 (1985).  The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard."  Towne Mgmt. Corp. v. Hartford Acc. and Indem. Co., 627 F.Supp. 170, 172 (D. Md. 1985)(quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2720 (2d ed. 1993)).

**III. DISCUSSION**

Under the ADEA, it is unlawful for any employer

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age . . . .

29 U.S.C. § 623. The Court will first address Plaintiff's motion for summary judgment. A plaintiff in an age discrimination case must establish a prima facie case of discrimination in one of two ways, using direct proof or circumstantial evidence. <u>Malina v. BG&E</u>, 18 F.Supp.2d 596, 604-5 (D. Md. 1998). When direct evidence of discrimination exists, a prima facie case of age discrimination has been established. <u>Grant v. Hazelet Strip-Casting Corp.</u>, 880 F.2d 1564, 1568 (2nd Cir. 1989). In this case, according to Kuehnl, when Ayres fired him, Ayres told him that he was too old and made too much money. Kuehnl Dep. at 561. Additionally, Kuehnl claims that two weeks prior to his termination, Ayres asked him how old he was and when he was planning to retire. Pl.'s Exh. 2, Kuehnl Business Journal, April 7, 2000. Ayres denied making either statement. Ayres Dep. at 342-43. For purposes of Plaintiff's motion for summary judgment, the Court must draw all inferences in favor of Defendant and assume that the statements were not made.

Because Plaintiff cannot establish a violation of the ADEA, as a matter of law, through the use of direct evidence, it must use circumstantial evidence and proceed under the burden-shifting scheme

4

of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 804-05 (1973). Although the <u>McDonnell Douglas</u> framework was established originally for Title VII cases, it applies equally to actions under the ADEA. <u>Lovelace v. Sherwin-Williams Co.</u>, 681 F.2d 230, 239 (4th Cir. 1982). A plaintiff must first make a prima facie case of discrimination, which gives rise to an inference of discrimination. The burden then shifts to the defendant to show a legitimate non-discriminatory reason for its action. If the defendant provides such evidence, the plaintiff must provide sufficient evidence to show that the employer's proferred explanation was pretextual. <u>Causey v. Balog</u>, 162 F.3d 795, 800 (4th Cir. 1998).

To establish a prima facie case of age discrimination, a plaintiff must show that: (1) he is a member of a protected class;[2] (2) he was qualified for the job and met the employer's legitimate expectations; (3) he suffered some form of adverse employment action; and (4) following the adverse employment action, the employee was replaced by a younger employee of comparable qualifications. <u>Id.</u> at 802.

Were the Court to assume that Plaintiff can establish a prima facie case of age discrimination under <u>McDonnell Douglas</u>, Defendant has proffered a legitimate, non-discriminatory explanation for Kuehnl's termination. Defendant argues that it terminated Kuehnl's

---

[2] In age discrimination claims, the "protected class" is defined as people over the age of 40. 29 U.S.C. § 631(a).

5

employment as part of an effort to save costs.  As of December 1999 (a few months prior to Kuehnl's termination), Defendant's sales had dropped more than twenty percent, and income from operations had fallen seventy-five percent over the previous two years.  Def.'s Reply at 7.  Kuehnl's journal from the day of his termination reflects that the first justification given by Ayres for his termination was "I can't afford you."  Pl.'s Exh. 6, Kuehnl Business Journal, April 28, 2000.  Ayres's notes to himself on the day of Kuehnl's termination reflect the same reason.  Pl.'s Exh. 4, Ayres's notes.  Additionally, after Eisenhardt quit working in the casket trimming room, Ayres told Kuenhl that he believed that the room had become a two-person operation and that he did not want to hire a third person for the room.  Kuehnl Dep at 201-02; 507-09.  Kuehnl was unwilling to operate the room with only one other person and insisted that a third person be hired; eventually, Ayres hired Moore.  Id.  Defendant argues that it was faced with the need to cut costs, and it made the "obvious" decision to eliminate a person in a department in which it was overstaffed, the casket trimming room.[3]  Def.'s Mot. at 15.

Courts are in agreement that "a salary-based decision, even if it correlates with years of service and/or age, cannot be a basis for

---

[3] Prior to Kuehnl's and the other employee's termination in 2000, Defendant had twenty-three full time employees.  The termination of two employees constituted almost a ten percent reduction of Defendant's workforce.  Def.'s Exh. 7, Employee Census.

an ADEA suit." Blistein v. St. John's College, 860 F.Supp. 256, 265 (D. Md. 1994), aff'd, 74 F.3d 1459 (4th Cir. 1996), overruled, in part, on other grounds, Adams v. Moore Business Forms, Inc., 224 F.3d 324 (4th Cir. 2000); Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993). Accordingly, Defendant has proffered a legitimate, non-discriminatory reason for firing Kuehnl.

Plaintiff may attempt to show that Defendant's proffered explanation is mere pretext for its real decision to fire Kuehnl because of his age. In general, to prove pretext, "the plaintiff must show that, between the plaintiff's age and the defendant's explanation, age was more likely the reason for the adverse action. . . ." Malina, 18 F.Supp.2d at 608. Plaintiff argues that "Defendant's so-called downturn in business was only slight and did not sufficiently impact its high volume of sales . . . to justify firing Kuehnl." Pl.'s Surreply at ¶ 2. While Plaintiff may argue that the downturn in sales did not require Defendant to fire Kuenhl, whether it was actually necessary to fire Kuehnl to save costs is immaterial; what is relevant is that Defendant relied on that belief as grounds for dismissing Kuehnl. Rogosin v. Mayor, City Council of Balitmore, 197 F.Supp.2d 345, 353 (D. Md. 2002) (citing Hawkins v. Pepsi Co, Inc., 203 F.3d 274, 282 (4th Cir. 2000) ("Employment discrimination law is not the vehicle for substituting the judgment of a court for that of the employer.")). Plaintiff has offered no evidence that this reason was pretextual. Because Plaintiff cannot

prove through undisputed facts that Kuehnl was terminated from his employment because of his age, the Court must deny Plaintiff's motion for summary judgment.

The Court will now turn to Defendant's motion for summary judgment. Drawing all inferences in favor of Plaintiff, the Court must assume that when Ayres fired Kuehnl, Ayres told him that he was too old and made too much money. This direct evidence establishes a prima facie case of age discrimination. Once a prima facie case of age discrimination is established through such evidence, "the employer can avoid liability only if he or she satisfies the trier of fact by a preponderance of the evidence that the same employment decision would have been reached in the absence of the discriminatory motive." Burns v. Gadsden State Cmty. College, 908 F.2d 1512, 1518 (11th Cir. 1990).

Defendant presents two justifications for its actions: 1) it could no longer afford Kuehnl because of its financial difficulties and 2) Kuehnl had problems with his co-workers and superiors. See Def.'s Reply at 10. With respect to its financial reason, as explained above, Defendant had experienced decreasing sales and income from operations over the past few years and needed to save costs. Kuehnl was part of what in Defendant's view was an overstaffed casket trimming room, and Kuehnl refused to work in the room with only one other person.

With respect to Keuhnl's problems with his co-workers and

8

supervisors, Defendant presents various employee depositions in which they testified that they were considering quitting because of Kuehnl and that they did not like working with him.  Moore Dep. at 91-94, 163-64; Skenderovic Dep. at 55-57; Eisenhardt Dep. at 38.  Kuehnl admitted that he was criticized, on at least one occasion, by a vice-president of the company for being too hard on employees in the casket trimming room.[4]  Kuehnl Dep. at 573.

Based on the foregoing evidence, a reasonable jury could only find that Defendant did not fire Kuehnl because of his age.  The evidence compels the conclusion that Defendant needed to cut costs.  Sales and income from operation had dropped a significant amount in the two years prior to Kuehnl's termination.  Additionally, Kuehnl and Ayres had discussed that the casket trimming room had become a two-person operation, yet Kuehnl insisted on a third person being hired.  Because Defendant has proven that there was an age-neutral reason for its employment decision, the Court will grant Defendant's motion for summary judgment.

---

[4] While Ayres's notes from the day of Keuhnl's termination and Kuehnl's journal entry from that day do not reflect that Kuenhl was told that poor performance and poor relationships with his co-workers were factors in the decision to terminate his employment, there is evidence that Kuenhl was aware that some of his co-workers and supervisors had problems with his job performance.

**IV. CONCLUSION**

Based on the evidence submitted in this matter, this Court finds that no rational fact finder could reasonably conclude that Plaintiff was terminated because of his age.  Accordingly, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion for Summary Judgment will be denied. A separate order consistent with this memorandum will issue.

/s/

_____
William M. Nickerson
Senior United States District Judge

Dated: March 17, 2003