IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. WMN-01-2872 ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) |
| Defendant. | ) ) ) |

**EEOC'S MEMORANDUM OF LAW IN SUPPORT OF EEOC'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF MARSHA AYRES, GEORGE TAYLOR, AND KARL SILEX**

The Equal Employment Opportunity Commission has moved for an order precluding the testimony of three witnesses, Marsha Ayres, George Taylor, and Karl Silex. All three witnesses were identified for the first time as witnesses for Defendant in preparation of the pretrial order in this case. George Taylor and Karl Silex are identified by Defendant as hybrid witnesses. Marsha Ayres is identified as a witness with no qualification other than having the company's address.

All three witnesses should be excluded because Defendant did not identify them as persons with information or knowledge relevant to EEOC's lawsuit in advance of the end of the discovery period, which was twice extended. In addition, Defendant's hybrid witnesses were not identified in advance of the deadline for identifying experts in this case, which never was extended.

1

## ARGUMENT

Early into this case, the Commission propounded Interrogatory No.6, which specifically requests that Defendant,

> Identify, as specified in definition (I) above, every person known to the Defendant who may have information or knowledge which is relevant to the subject matter of this lawsuit or which may lead to the discovery of information relative to subject matter of this lawsuit, and describe the information or knowledge each person is believed to have.

In its interrogatory responses, Defendant failed to identify Marsha Ayres, George Taylor, or Karl Silex in its Answer.[1] Moreover, even though EEOC's interrogatories expressly were continuing in nature and Defendant had a duty to supplement its discovery responses under Rule 26(e) of the Federal Rules of Civil Procedure, Defendant simply did not do so.

Defendant similarly was remiss in addressing the Commission's interrogatory seeking information about any experts. Interrogatory No. 8 requests that Defendant,

> Identify every person who will or may be called by the Defendant as an expert witness in this action and describe with specificity the area or areas of expected testimony in this litigation, the documents to be relied upon, if any, the substance of his or her expected testimony, and identify each and every civil action which the expert witness has testified by proper title/caption of the civil action, civil action number, the court in which the action was filed, the date the civil action was filed.

Defendant's first and final answer was, "No experts have been identified at this time." Id. Again, Defendant neither supplemented its response to EEOC's interrogatory, nor met the expert disclosure deadline set by this Court in its Scheduling Order.

Under these circumstances, Marsha Ayres, George Taylor, and Karl Silex should be barred from testifying at trial. None of these witnesses was identified as either fact or expert witnesses prior to the end of the discovery period in this case. In re Air Crash At Charlotte,

---

[1] Attachment 1, Defendant's Answer to EEOC's First Set of Interrogatories.

North Caroline( D.S.C. 1997). To the extent that George Taylor and Karl Silex have been identified to offer opinion testimony, both should be precluded from testifying at trial because they never were identified prior to this Court's expert disclosure deadlines. Adams v. NVR Homes, Inc., 142 F.Supp. 2d 649 (D.Md. 2001).

Permitting these witnesses to testify will prejudice the Commission in that counsel never had any basis for conducting discovery pertaining to these individuals. For the first time, the Commission would encounter these individuals at trial, exactly what the rules of discovery and the Court's Scheduling order are designed to avoid. Defendant simply should not be rewarded for failing to adhere to the Court's Scheduling Order and the rules of discovery. Nor at this late date while the parties are preparing for trial should the Commission be forced to abruptly suspend its trial preparation and resume more discovery.

## **CONCLUSION**

For the reasons set forth above, the Commission respectfully requests that the Court grant its Motion in Limine to preclude the testimony of Marsha Ayres, George Taylor, and Karl Silex.

    Respectfully submitted,

    GERALD S. KIEL
    Regional Attorney


    DEBRA M. LAWRENCE
    Supervisory Trial Attorney

    _____/s/_____
    REGINA M. ANDREW
    Trial Attorney
    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Baltimore District Office

                10 S. Howard Street, 3rd Floor
                Baltimore, Maryland 21201
                Tel.: (410) 962-4220