IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. WMN-01-2872 |
| v. | ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) ) |
| Defendant. | ) ) |

### EEOC'S JURY INSTRUCTIONS REQUEST

Pursuant to the Amended Scheduling Order entered in this action on June 29, 2004, the U.S. Equal Employment Opportunity Commission respectfully submits the following jury instruction requests:

¶ 88.02   Age Discrimination in Employment Act (29 U.S.C. § 621).

[1]—General Instructions.

Instruction 88–23

The Statute

The plaintiff bases his lawsuit on the Age Discrimination in Employment Act (ADEA). That Act provides in pertinent part:

(a) It shall be unlawful for an employer—

  (1) ~~to fail or refuse to hire or~~ to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

  (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

  (3) to reduce the wage rate of any employee in order to comply with this chapter.

(b) It shall be unlawful for an employment agency to fail or refuse for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

(c) It shall be unlawful for a labor organization—

  (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;

  (2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age; or

  (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

(Rel.44a–4/04 Pub.485)

Case 1:01-cv-02872-WMN   Document 41   Filed 02/10/2005   Page 2 of 17

Inst. 88–24           FEDERAL JURY INSTRUCTIONS           88–98

### Instruction 88–24
### Coverage

**The prohibitions contained in the Age Discrimination in Employment Act forbid discriminations against individuals who are at least 40 years old. In other words, the Act makes it unlawful for an employer to discriminate against an individual 40 or older because of his age.**

---

### Authority

29 U.S.C. § 631(a).

**United States Supreme Court:** Kimel v. Florida Board of Regents, — U.S. —, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).

---

### Comment

A 1986 amendment to the Age Discrimination in Employment Act (effective January 1, 1987) extended its protection to persons over 70 years old.[1] In *Aledo-Garcia v. Puerto Rico National Guard Fund, Inc.*,[2] the First Circuit held that the amendment should be applied to a trial occurring after its effective date with respect to a claim arising prior to its effective date.[3]

The ADEA does not provide a remedy for reverse age discrimination.[4] In addition, officers in active military service with the armed forces and military officers are exempt from both the ADEA and Title VII.[5] The ADEA, like other

---

[1] 29 U.S.C. § 631(a) (Supp. 1989). Another 1986 amendment carved out an exception to section 631(a) for provisions of 29 U.S.C. § 623(g). *Id.* The latter relates to coverage under group health plans and requires employers to provide coverage to any employee age 65 or older.

[2] 887 F.2d 354 (1st Cir. 1989).

[3] *Id.* at 358.

[4] General Dynamics Land Sys. v. Cline, — U.S. —, 2004 U.S. LEXIS 1623, *3 (Feb. 24, 2004) ("The prefatory provisions and their legislative history make a case that we think is beyond reasonable doubt, that the ADEA was concerned to protect a relatively old worker from discrimination that works to the advantage of the relatively young."); Hamilton v. Caterpiller, Inc., 966 F.2d 1226 (7th Cir. 1992) (court noted the absence of any concern in legislative history for workers denied opportunities and benefits because of their youth).

[5] Hedin v. Thompson, 2004 U.S. App. LEXIS 768 (4th Cir. Jan. 20, 2004) (ADEA claim of commissioned officer in the Public Health Service, not serving in the Armed Forces, was dismissed since Congress has mandated that Public Health Service officers be treated for purposes of antidiscrimination laws as officers in active military service with the Armed Forces, and military officers are exempt from antidiscrimination laws).

### Instruction 88–25
### Purpose of the Statute

The purpose of the Age Discrimination in Employment Act is to promote the employment of older persons based on their ability rather than their age and to prohibit arbitrary age discrimination in employment. In other words, the purpose of this Act is to prevent employment discrimination because of age.

### Authority

29 U.S.C. § 621(a) and (b).

**United States Supreme Court:** Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).

### Comment

The Age Discrimination in Employment Act, 29 U.S.C. § 621, reads in pertinent part:

> (b) It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.

In drafting the ADEA, Congress was unambiguous about the purposes of the Act, which are explicitly set out in 29 U.S.C. § 621(b). As the Supreme Court has also put it: "The ADEA broadly prohibits arbitrary discrimination in the workplace based on age."[1] In other words, "[t]he primary purpose of the Act is to prevent age discrimination in hiring and discharging workers."[2]

In *McKennon v. Nashville Banner Publishing Company*,[3] the Supreme Court held that an employee discharged in violation of the ADEA would not be barred from all relief when, after his or her discharge, the employer discovered evidence of wrongdoing that, in any event, would have led to his or her termination on lawful and legitimate grounds had the employer known of it.[4] Nevertheless, the Court concluded, after-acquired evidence could be taken into account in determining the employee's specific remedy and, as a general rule, neither reinstatement or front pay would be an appropriate remedy under such circumstances.[5]

---

[1] Lorillard v. Pons, 434 U.S. 575, 577, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978).
[2] United Air Lines v. McMann, 434 U.S. 192, 198, 98 S. Ct. 444, 54 L. Ed. 2d 402 (1977).
[3] 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995).
[4] *Id.*.
[5] *Id.*.

Inst. 88–26          FEDERAL JURY INSTRUCTIONS          88–104

**[2]—Plaintiff's Prima Facie Case.**

### Instruction 88–26
### Burden of Proof

In a moment I will tell you exactly what the plaintiff must prove in order to establish a presumption that the defendant violated the Age Discrimination in Employment Act. The plaintiff must prove each of the elements I will list, and must do so by a preponderance of the evidence.

If the plaintiff does prove each of these elements by a preponderance of evidence, then you may infer that defendant discriminated against the plaintiff because of age. In that case, you will have to go on to consider other issues about which I will instruct you in a moment.

If the plaintiff does not prove each of these elements by a preponderance of the evidence, you may not infer that discrimination based upon age has occurred. In that case you must find for the defendant.

There may be times, on specific issues, that the defendant will have the burden of proof by a preponderance of the evidence. I will tell you expressly whenever that is the case. Unless I tell you otherwise, the plaintiff has the burden of proof by a preponderance of the evidence.

You must remember throughout this case that, as a general matter, the plaintiff bears the burden of proof by a preponderance of the evidence that the defendant discriminated against him on the basis of his age.

---

### Authority

**United States Supreme Court:** Western Air Lines, Inc. v. Criswell, 472 U.S. 353, 105 S. Ct. 2743, 86 L. Ed. 2d 286 (1985); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

**Seventh Circuit:** Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986), *cert. denied,* 479 U.S. 1066 (1987).

---

### Comment

The Supreme Court made clear in *Texas Dep't of Community Affairs v. Burdine*[1] that, where the *McDonnell Douglas*[2] model is employed, as it is in

---
[1] 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).
[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

(Matthew Bender & Co., Inc.)                                          (Rel.36a–4/00 Pub.485)

## Instruction 88–27
## Direct Evidence of Discrimination

The plaintiff has introduced direct evidence which he claims proves that the defendant intentionally discriminated against him because of his age. This direct evidence consists of [describe the evidence in general terms]. The plaintiff will have fulfilled his initial burden if the direct evidence he has introduced proves by a preponderance of the evidence that each of the following three statements is true:

1. That he, the plaintiff, was a member of the class protected by the Act. In other words, that he was 40 or older;

2. That the defendant took action which adversely affected the plaintiff's employment situation; specifically that he [describe the discharge, failure to hire, failure to promote, or whatever]; and

3. That, in taking this action, the defendant has intended to discriminate against the plaintiff because of his age.

*[Handwritten annotations: "telling Mr. Kuehnl he was fired because he was too old, and Matt could give him more years." pointing to the evidence description; "fired Mr. Kuehnl" pointing to item 2.]*

---

### Authority

**United States Supreme Court:** Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d (1989); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985); Teamsters v. United States, 431 U.S. 324, 358 n.44, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977).

**Second Circuit:** Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564 (2d Cir. 1989).

**Third Circuit:** Fakete v. Aetna, Inc., 308 F.3d 335 (3d Cir. 2002).

**Seventh Circuit:** Mills v. First Fed. Sav. & Loan Ass'n, 83 F.3d 833 (7th Cir. 1996); Gadsby v. Norwalk Furniture Corp., 71 F.3d 1324 (7th Cir. 1995).

**Eighth Circuit:** Morse v. Southern Union Company, 174 F.3d 917 (8th Cir. 1999); Cox v. Dubuque Bank & Trust Co., 163 F.3d 492, 498 (8th Cir. 1998); Kneibert v. Thomson Newspapers, 129 F.3d 444 (8th Cir. 1997).

---

### Comment

There are times—though they are rare—when the plaintiff can produce direct evidence of the employer's motive and discriminatory intent.[1] For example, in

---

[1] *See, e.g.,* Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S. Ct. 613, 622, 83 L. Ed. 2d 523 (1985); Coston v. Plitt Theatres, Inc., 831 F.2d 1321, 1326 (7th Cir. 1987), *vacated on other grounds,* 486 U.S. 1019 (1988).

(Rel.40a–4/02 Pub.485)

Services, 68 F.3d 694 (3d Cir. 1995); Lockhart v. Westinghouse Credit Corp, 879 F.2d 43 (3d Cir. 1989); Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir. 1987) (en banc), *cert. denied,* 483 U.S. 1052 (1987); Dreyer v. ARCO Chemical Co., 801 F.2d 651 (3d Cir. 1986), *cert. denied,* 480 U.S. 906 (1987); Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985), *cert. denied,* 474 U.S. 1057 (1986); Massarsky v. General Motors Corp., 706 F.2d 111 (3d Cir.), *cert. denied,* 464 U.S. 937 (1983).

**Fourth Circuit:** Halperin v. Abacus Technology Corp., 128 F.3d 191 (4th Cir. 1997); Henson v. Ligget Group, Inc., 61 F.3d 270 (4th Cir. 1995); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231 (4th Cir. 1991); Nelson v. Green Ford, Inc., 788 F.2d 205 (4th Cir. 1986); Fink v. Western Electric Co., 708 F.2d 909 (4th Cir. 1983).

**Fifth Circuit:** Smith v. City of Jackson, 351 F.3d 183 (5th Cir. 2003); Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893 (5th Cir. 2002), *cert. denied,* — U.S. —, 156 L. Ed. 2d 602 (2003); Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144 (5th Cir. 1995), *cert. denied,* 516 U.S. 1047 (1996).

**Sixth Circuit:** Hedrick v. Western Reserve Care Sys., 355 F.3d 444 (6th Cir. 2004); Grosjean v. First Energy Corp., 349 F.3d 332 (6th Cir. 2003); Wexler v. White's Fine Furniture, Inc., 317 F.3d 564 (6th Cir. 2003); Bush v. Dictaphone Corp., 161 F.3d 363 (6th Cir. 1998); Woythal v. Tex-Tenn Corp., 112 F.3d 243 (6th Cir. 1997), *cert. denied,* 522 U.S. 1047 (1997); Cox v. Kentucky Department of Transportation, 53 F.3d 146 (6th Cir. 1995).

**Seventh Circuit:** Hartley v. Wisconsin Bell, Inc., 124 F.3d 887 (7th Cir. 1997); Sirvidas v. Commonwealth Edison Co., 60 F.3d 375 (7th Cir. 1995); Smith v. General Scanning, Inc., 876 F.2d 1315 (7th Cir. 1989); Metz v. Transit Mix, Inc., 828 F.2d 1202 (7th Cir. 1987); Kier v. Commercial Union Insurance Cos., 808 F.2d 1254 (7th Cir. 1987), *cert. denied,* 481 U.S. 1029 (1987); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), *cert. denied,* 481 U.S. 1041 (1987); Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986), *cert. denied,* 479 U.S. 1066 (1987); Parker v. FNMA, 741 F.2d 975 (7th Cir. 1984).

**Eighth Circuit:** Calder v. TCI Cablevision of Missouri, Inc., 298 F.3d 723 (8th Cir. 2002); Tuttle v. Missouri Dept. of Agriculture, 172 F.3d 1025 (8th Cir. 1999); Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328 (8th Cir. 1996); Nitschke v. McDonnell Douglas Corp., 68 F.3d 249 (8th Cir. 1995).

**Ninth Circuit:** Mundy v. Household Finance Corp., 885 F.2d 542 (9th Cir. 1989); Samazia v. Clark County, 859 F.2d 88 (9th Cir. 1988); Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987), *cert. denied,* 484 U.S. 1047 (1988); Palmer v. United States, 794 F.2d 534 (9th Cir. 1986); Williams v. Edward Apffels Coffee Co., 792 F.2d 1482 (9th Cir. 1986); Douglas v. Anderson, 656 F.2d 528 (9th Cir. 1981).

Inst. 88–28          FEDERAL JURY INSTRUCTIONS          88–110

## Instruction 88–28
## McDonnell Douglas Formula

Even if he cannot prove by direct evidence that the defendant intentionally discriminated against him because of his age, the plaintiff will nevertheless have fulfilled his initial burden if he establishes by a preponderance of the evidence that each of the following five statements is true:

1. That he, the plaintiff, was a member of the class protected by the Act. In other words, he was 40 or older;

2. That the defendant took action which adversely affected the plaintiff's employment situation, specifically that he [describe the discharge, ~~failure to hire, failure to promote, or whatever~~]; → fired Mr. Kuehnl

3. That he, the plaintiff, was qualified for the position [from which he was discharged, ~~for which he applied, to which he sought to be promoted, or whatever~~]; and of casket trimmer.

4. That the plaintiff was replaced by someone younger or treated less favorably than similarly situated younger employees.

---

### Authority

**United States Supreme Court:** O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996); McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

**District of Columbia Circuit:** Paquin v. Fannie Mae, 119 F.3d 23 (D.C. Cir. 1997); Krodel v. Young, 748 F.2d 701 (D.C. Cir. 1984), *cert. denied*, 474 U.S. 817 (1985).

**First Circuit:** Ruiz v. Posadas de San Juan Associates, 124 F.3d 243 (1st Cir. 1997); Median-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5 (1st Cir. 1990); Riley v. University of Lowell, 651 F.2d 822 (1st Cir.), *cert. denied*, 454 U.S. 1125 (1981).

**Second Circuit:** Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Danzer v. Norden Systems, Inc., 151 F.3d 50 (2d Cir. 1998); Holland v. American Cyanimid Co., 895 F.2d 80 (2d Cir. 1990); Benjamin v. United Merchants and Manufacturers, Inc., 873 F.2d 41 (2d Cir. 1989); Bonura v. Chase Manhattan Bank, N.A., 795 F.2d 276 (2d Cir. 1986); Hagelthorn v. Kennecott Corp., 710 F.2d 76 (2d Cir. 1983).

**Third Circuit:** Showalter v. University of Pittsburgh Medical Center, 190 F.3d 231 (3d Cir. 1999); Ryder v. Westinghouse Electric Corp., 128 F.3d 128 (3rd Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998); Barber v. CSX Distribution

88–119          CIVIL RIGHTS ACTIONS          Inst. 88–28C

### Instruction 88–28C
### Mixed Motive Claim

The plaintiff has introduced evidence [*to fire Mr. Kuehn*] which he claims demonstrates that an illegitimate factor—age—was a motivating factor in an employment decision [describe] adverse to the plaintiff. If you believe the plaintiff's evidence and are persuaded by a preponderance of the evidence that age was a motivating factor in the employment decision [describe *to fire Mr. Kuehn*], then you must find for the plaintiff unless you find, under the instructions I will give you in a moment, that the defendant would have made the same decision [describe *to fire Mr. Kuehn*] even if it had not taken the illegitimate factor of age into account.

### Authority

**United States Supreme Court:** *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989).

**Second Circuit:** *Danzer v. Norden Systems, Inc.*, 151 F.3d 50 (2d Cir. 1998).

**Third Circuit:** *Fakete v. Aetna, Inc.*, 308 F.3d 335 (3d Cir. 2002); *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089 (3d Cir. 1995); *Armbruster v. Unisys Corp.*, 32 F.3d 768 (3rd Cir. 1994)

**Sixth Circuit:** *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003).

**Eighth Circuit:** *Nitschke v. McDonnell Douglas Corp.*, 68 F.3d 249 (8th Cir. 1995); *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 449 (8th Cir. 1993).

### Comment

*See* Comment to Instruction 87-22A.

*See also* Instructions 87-22AA and 87-22B, which can be suitably adapted for a mixed motive age discrimination claim. In *Armbruster v. Unisys Corp.*,[1] the Third Circuit concluded that even if the Civil Rights Act of 1991's new "mixed motive" standard applied to ADEA, it would not govern pre-enactment conduct.[2]

---

[1] 32 F.3d 768 (3rd Cir. 1994)
[2] *Id.* at 771 n.3.

(Rel.40a–4/02 Pub.485)

Instruction 88–28D

Reduction in Force

In a reduction in force case, an employee has been laid off and cannot simply prove that the defendant sought someone else with similar qualifications to perform the work. In order to make out a prima facie case of age discrimination in a reduction in force case, then, the plaintiff must establish the following elements by a preponderance of the evidence:

1. That he, the plaintiff, was a member of the class protected by the Act (40 years old or older);

2. That the defendant took action which adversely affected the plaintiff's employment situation;

3. That he, the plaintiff, was qualified for the position from which he was terminated; and

4. That the employer intended to discriminate in reaching the employment decision at issue.

5. That the defendant has not treated age neutrally.

---

Authority

**First Circuit:** Pages-Cahue v. Iberia Lineas Aereas de Espana, 82 F.3d 533 (1st Cir. 1996).

**Second Circuit:** Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Danzer v. Norden Systems, Inc., 151 F.3d 50 (2d Cir. 1998).

**Third Circuit:** Showalter v. University of Pittsburgh Medical Center, 190 F.3d 231, 235 (3d Cir. 1999); Armbruster v. Unisys Corp., 32 F.3d 768 (3rd Cir. 1994).

**Fourth Circuit:** Causey v. Balog, 162 F.3d 795 (4th Cir. 1998); Blistein v. St. John's College, 74 F.3d 1459 (4th Cir. 1996).

**Fifth Circuit:** Nichols v. Loral Vought Sys. Corp., 81 F.3d 38 (5th Cir. 1996).

**Sixth Circuit:** Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414 (6th Cir. 1999); Godfredson v. Hess & Clark, Inc., 173 F.3d 365 (6th Cir. 1999); Carpenter v. Western Credit Union, 62 F.3d 143 (6th Cir. 1995); Allen v. Diebold, Inc., 33 F.3d 674 (6th Cir. 1994).

**Seventh Circuit:** Collier v. Budd Co., 66 F.3d 886 (7th Cir. 1995); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), *cert. denied*, 481 U.S. 1041 (1987).

**Eighth Circuit:** Spencer v. Stuart Hall Co., 173 F.3d 1124 (8th Cir. 1999); Tuttle v. Missouri Dept. of Agriculture, 172 F.3d 1025 (8th Cir. 1999); Thomas

Instruction 88–29
Causation

The plaintiff must establish by a preponderance of the evidence that age was a determinative factor in the action taken by the defendant. The plaintiff need not establish that age was the sole factor motivating the defendant. Age may be one of a number of factors contributing to the defendant's action. The plaintiff demonstrates that age was a determinative factor if he shows that "but for" age, the adverse action would not have happened—that is, but for his age, he would not have been [rejected, (fired,) or passed over for promotion].

---

### Authority

**District of Columbia Circuit:** Krodel v. Young, 748 F.2d 701 (D.C. Cir. 1984).

**First Circuit:** Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979).

**Second Circuit:** Hagelthorn v. Kennecott Corp., 710 F.2d 76 (2d Cir. 1983).

**Third Circuit:** Smithers v. Bailar, 629 F.2d 892 (3d Cir. 1980).

**Fourth Circuit:** Goldberg v. B. Green & Co., 836 F.2d 845 (4th Cir. 1988); Wilhelm v. Blue Bell, Inc., 773 F.2d 1429 (4th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

**Fifth Circuit:** Lindsey v. Prive Corp., 161 F.3d 886 (5th Cir. 1998); Merkel v. Scovill, Inc., 787 F.2d 174 (5th Cir. 1986); Bohrer v. Hanes Corp., 715 F.2d 213 (5th Cir. 1983), *cert. denied*, 465 U.S. 1026 (1984).

**Sixth Circuit:** Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987); Wilkins v. Eaton Corp., 790 F.2d 515 (6th Cir. 1986).

**Seventh Circuit:** Umpleby v. Potter & Brumfield, Inc., 69 F.3d 209 (7th Cir. 1995); Rengers v. WCLR Radio Station, 825 F.2d 160 (7th Cir. 1987); Mathewson v. National Automatic Tool Co., 807 F.2d 87 (7th Cir. 1986); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), *cert. denied*, 481 U.S. 1041 (1987); Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986), *cert. denied*, 479 U.S. 1066 (1987); LaMontagne v. American Convenience Products, Inc., 750 F.2d 1405, 1409 (7th Cir. 1984).

**Eighth Circuit:** Dace v. ACF Industries, 722 F.2d 374 (8th Cir. 1983), *reh. denied*, 728 F.2d 976 (8th Cir. 1984).

**Ninth Circuit:** Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987), *cert. denied*, 484 U.S. 1047 (1988); E.E.O.C. v. Borden's, Inc., 724 F.2d 1390 (9th Cir. 1982).

88–151                      CIVIL RIGHTS ACTIONS                      Inst. 88–37

[4]—Pretext.

### Instruction 88–37
### General Instruction

If the defendant has satisfied its burden of production by proffering evidence tending to show a non-discriminatory reason for the challenged action, the plaintiff may introduce evidence that the defendant's articulated reason for its action was nothing more than a pretext for age discrimination. In other words, the plaintiff may introduce evidence to show that the defendant's reason is not the true reason why the defendant took adverse action(s) against the plaintiff, that such reason is unworthy of belief and the true reason for the adverse action was age discrimination.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for its action(s). The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. The defendant would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination. However, you may consider whether the defendant's reason is merely a cover-up for discrimination. In doing so, you may consider whether the asserted reason comports with the defendant's own policies and rules and whether such policies and rules are applied uniformly. You also should carefully evaluate any subjective reasons the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met his burden of proof.

It is the plaintiff's burden to persuade you, by a preponderance of the evidence, that the defendant took the adverse action(s) against the plaintiff because of his age. If you do not believe the defendant's explanation for its action(s), then you may infer, but need not infer, that the plaintiff has satisfied his burden of proof that the defendant intentionally discriminated against him because of his age.

---

### Authority

**United States Supreme Court:** Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

**D.C. Circuit:** Paquin v. Fannie Mae, 119 F.3d 23 (D.C. Cir. 1997).

(Rel.44a–4/04  Pub.485)

**First Circuit:** Cruz-Ramos v. Puerto Rico Sun Oil Co., 202 F.3d 381 (1st Cir. 2000); Ruiz v. Posadas de San Juan Associates, 124 F.3d 243 (1st Cir. 1997); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712 (1st Cir. 1994).

**Second Circuit:** Carlton v. Mystic Transp., Inc., 202 F.3d 129 (2d Cir. 2000); Banks v. The Travelers Companies, 180 F.3d 358 (2d Cir. 1999); Sutera v. Schering Corp., 73 F.3d 13 (2nd Cir. 1995); Woroski v. Nashua Corporation, 31 F.3d 105 (2d Cir. 1994).

**Third Circuit:** Showalter v. University of Pittsburgh Medical Center, 190 F.3d 231 (3d Cir. 1999); Ryder v. Westinghouse Electric Corp., 128 F.3d 128 (3rd Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998); Barber v. CSX Distribution Services, 68 F.3d 694 (3rd Cir. 1995); Armbruster v. Unisys Corp., 32 F.3d 768 (3rd Cir. 1994).

**Fourth Circuit:** Halperin v. Abacus Technology Corp., 128 F.3d 191 (4th Cir. 1997).

**Fifth Circuit:** Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893 (5th Cir. 2002), *cert. denied*, — U.S. —, 156 L. Ed. 2d 602 (2003); Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144 (5th Cir. 1995), *cert. denied*, 516 U.S. 1047 (1996); Montgomery v. Brookshire, 34 F.3d 291 (5th Cir. 1994).

**Sixth Circuit:** Hedrick v. Western Reserve Care Sys., 355 F.3d 444 (6th Cir. 2004).

**Seventh Circuit:** James v. Sheahan, 137 F.3d 1003 (7th Cir. 1998); Hartley v. Wisconsin Bell, Inc., 124 F.3d 887 (7th Cir. 1997); Collier v. Budd Co., 66 F.3d 886 (7th Cir. 1995).

**Eighth Circuit:** Spencer v. Stuart Hall Co., 173 F.3d 1124 (8th Cir. 1999); Tuttle v. Missouri Dept. of Agriculture, 172 F.3d 1025 (8th Cir. 1999); Lewis v. Aerospace Community Credit Union, 114 F.3d 745 (8th Cir. 1997), *cert. denied*, 523 U.S. 1062 (1998); Hutson v. McDonnell Douglas Corp., 63 F.3d 771 (8th Cir. 1995).

**Tenth Circuit:** Jones v. Unisys Corp., 54 F.3d 624 (10th Cir. 1995).

**Eleventh Circuit:** Maddow v. Procter & Gamble Co., 107 F.3d 846 (11th Cir. 1997).

---

### Comment

Once a defendant has articulated a non-discriminatory reason for its actions, the plaintiff must prove by a preponderance of the evidence not only that the articulated reason was pretextual, but that it was a pretext for unlawful age discrimination.[1] The factfinder's disbelief of the reasons put forward by the

---

[1] *See* St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506–507, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). *See also* Montgomery v. Brookshire, 34 F.3d 291, 297 (5th Cir. 1994).

**[5]—Damages.**

### Instruction 88–38
### Compensatory Damages

I instruct you that the purpose of the ADEA is to make persons whole for injuries suffered as a result of unlawful employment discrimination. Under the ADEA, a successful plaintiff is entitled to recover lost wages and benefits, including increases in wages. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of adverse action to the date you, the jury, return a verdict, unless the plaintiff would have been terminated or discharged for non-discriminatory reasons prior to trial. In such circumstances, lost wages and benefits are calculated from the date of the adverse action to the date such discharge would have occurred.

### Authority

**First Circuit:** Kolb v. Goldring, Inc., 694 F.2d 869 (1st Cir. 1982).

**Second Circuit:** Banks v. The Travelers Companies, 180 F.3d 358 (2d Cir. 1999); Paolitto v. Brown E. & C., 151 F.3d 60 (2d Cir. 1998).

**Third Circuit:** Wehr v. Burroughs Corp., 619 F.2d 276 (3d Cir. 1980).

**Fifth Circuit:** Dean v. American Security Insurance Co., 559 F.2d 1036 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066 (1978).

**Sixth Circuit:** Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414, 426 (6th Cir. 1999); E.E.O.C. v. Kentucky State Police Dept., 80 F.3d 1086 (6th Cir.), *cert. denied*, 519 U.S. 963 (1996).

**Seventh Circuit:** Downes v. Volkswagen of America, Inc., 41 F.3d 1132 (7th Cir. 1994).

**Eighth Circuit:** Morse v. Southern Union Company, 174 F.3d 917 (8th Cir. 1999); Gibson v. Mohawk Rubber Co., 695 F.2d 1093 (8th Cir. 1982).

### Comment

The plain language of the ADEA makes clear that a prevailing plaintiff under the ADEA is entitled to back pay. The basic rule is that a successful ADEA plaintiff is entitled to back pay from the date of discharge to the date of judgment. Certain events, however, can interrupt that accrual of back pay. When layoffs

Inst. 88–39        FEDERAL JURY INSTRUCTIONS        88–158

## Instruction 88–39
## Liquidated Damages

If you find that the defendant's violation of the ADEA was "willful," you must award the plaintiff liquidated damages—that is, an amount equal to the lost wages and benefits you award. Liquidated damages must be awarded to the plaintiff in addition to the lost wages and benefits he receives.

The defendant acted willfully if he deliberately, intentionally, and knowingly discharged the plaintiff because of his age, and if he knew that such conduct was unlawful or showed reckless disregard of whether such conduct was unlawful or not. I caution you that the plaintiff need not prove that the defendant specifically intended to violate the ADEA. The plaintiff need only establish that the employer knew or showed reckless disregard of whether its conduct was prohibited by the ADEA.

---

### Authority

**United States Supreme Court:** Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S. Ct. 613, 83 L. Ed. 2d 523 (1985).

**Second Circuit:** Paolitto v. Brown E. & C., 151 F.3d 60 (2d Cir. 1998); Reichman v. Bonsignore, Brignati & Mazzotta P.C., 818 F.2d 278 (2d Cir. 1987).

**Third Circuit:** Starceski v. Westinghouse Electric Corp., 54 F.3d 1089 (3d Cir. 1995).

**Fourth Circuit:** Gilliam v. Armtex, Inc., 820 F.2d 1387 (4th Cir. 1987).

**Fifth Circuit:** McCann v. Texas City Refining, Inc., 984 F. 2d 667 (5th Cir. 1993); Burns v. Texas City Refining, Inc., 890 F.2d 747 (5th Cir. 1989); Powell v. Rockwell International Corp., 788 F.2d 279 (5th Cir. 1986).

**Sixth Circuit:** Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414 (6th Cir. 1999).

**Seventh Circuit:** Tennes v. Commonwealth of Massachusetts Department of Revenue, 944 F.2d 372 (7th Cir. 1991); Kossman v. Calumet County, 800 F.2d 697 (7th Cir. 1986), cert. denied, 479 U.S. 1088 (1987); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), cert. denied, 481 U.S. 1041 (1987).

**Eighth Circuit:** Spencer v. Stuart Hall Co., 173 F.3d 1124 (8th Cir. 1999); Wiehoff v. GTE Directories Corp., 61 F.3d 588 (8th Cir. 1995); Morgan v. Arkansas Gazette, 897 F.2d 945 (8th Cir. 1990); Bethea v. Levi Strauss & Co., 827 F.2d 355 (8th Cir. 1987); Nolting v. Yellow Freight System, Inc., 799 F.2d 1192 (8th Cir. 1986).

Inst. 88–41                     FEDERAL JURY INSTRUCTIONS                     88–164

## Instruction 88–41
## Front Pay

I instruct you that if the plaintiff persuades you that the defendant has violated the ADEA you may award the plaintiff prospective damages, sometimes called front pay.

---

### Authority

**First Circuit:** Wildman v. Lerner Stores Corp., 771 F.2d 605 (1st Cir. 1985); Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979).

**Second Circuit:** Whittlesey v. Union Carbide Corp., 742 F.2d 724 (2d Cir. 1984); Koyen v. Consolidated Edison Co. of New York, Inc., 560 F. Supp. 1161 (S.D.N.Y. 1983).

**Third Circuit:** Blum v. Whitco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Berndt v. Kaiser Aluminum & Chemical Sales, Inc., 789 F.2d 253 (3d Cir. 1986); Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985), *cert. denied*, 474 U.S. 1057 (1986).

**Fourth Circuit:** Hill v. Western Electric Co., 596 F.2d 99 (4th Cir. 1979); White v. Carolina Paperboard Corp., 564 F.2d 1073 (4th Cir. 1977).

**Fifth Circuit:** Julian v. City of Houston, 314 F.3d 721 (5th Cir. 2002).

**Sixth Circuit:** Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414 (6th Cir. 1999); Farber v. Massillon Bd. of Educ., 917 F.2d 1391 (6th Cir. 1990), *cert. denied*, 111 S. Ct. 952 (1991); Davis v. Combustion Engineering, Inc., 742 F.2d 916 (6th Cir. 1984).

**Seventh Circuit:** Hybert v. Hearst Corp., 900 F.2d 1050 (7th Cir. 1990); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), *cert. denied*, 481 U.S. 1041 (1987).

**Eighth Circuit:** Morse v. Southern Union Company, 174 F.3d 917 (8th Cir. 1999); Cox v. Dubuque Bank & Trust Co., 163 F.3d 492 (8th Cir. 1998); Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796 (8th Cir. 1994).

**Ninth Circuit:** Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987), *cert. denied*, 484 U.S. 1047 (1988); Cancellier v. Federated Dep't Stores, 672 F.2d 1312 (9th Cir.), *cert. denied*, 459 U.S. 859 (1982); Naton v. Bank of California, 649 F.2d 691 (9th Cir. 1981).

**Tenth Circuit:** Spulak v. K Mart Corp., 894 F.2d 1150 (10th Cir. 1990); Bruno v. Western Elec. Co., 829 F.2d 957 (10th Cir. 1987); Smith v. Consolidated Mutual Water Co., 787 F.2d 1441 (10th Cir. 1986); EEOC v. Prudential Federal Savings and Loan Association, 763 F.2d 1166 (10th Cir. 1985); EEOC v. Safeway

(Rel.40a–4/02 Pub.485)

February 9, 2005                    Respectfully submitted,

                                                             GERALD S. KIEL
                                                             Regional Attorney


                                                             DEBRA M. LAWRENCE
                                                             Supervisory Trial Attorney

                                                             _____/s/_____
                                                             REGINA M. ANDREW
                                                             Trial Attorney
                                                            EQUAL EMPLOYMENT
                                                            OPPORTUNITY COMMISSION
                                                            Baltimore District Office
                                                            10 S. Howard Street, 3rd Floor
                                                            Baltimore, Maryland 21201
                                                            Tel.: (410) 962-4220