IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * |
| Plaintiff, | * |
| v. | * Civil Action No. WMN-01-2872 |
| WARFIELD-ROHR CASKET COMPANY, INC. | * * * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S PROPOSED VOIR DIRE

Defendant, Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr"), submits its proposed Voir Dire:

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brought this action on behalf of Frederick W. Kuehnl against Warfield-Rohr, a company which manufactures and sells burial caskets. EEOC alleges that Warfield-Rohr discriminated against Kuehnl on the basis of his age, in violation of the Age Discrimination in Employment Act. Warfield-Rohr denies the allegations.

Prior to April 28, 2000, Mr. Kuehnl was the working foreman of Warfield-Rohr's casket trimming room in Baltimore City, Maryland. Mr. Kuehnl's responsibilities included supervising two employees who fabricated and installed custom interiors for burial caskets, as well as fabricating and installing casket interiors himself. On April 28, 2000, Warfield-Rohr discharged Mr. Kuehnl and eliminated the position of foreman of the trimming room.

Mr. Kuehnl alleges that he was told that he was too old to work at Warfield-Rohr when he was discharged. Warfield-Rohr denies that Mr. Kuehnl was told he was too old or that age had anything to do with his termination. Instead, Warfiled-Rohr contends that it terminated Mr. Kuehnl's employment because: 1) Warfield-Rohr had suffered financial difficulties and needed

to cut costs; 2) the work in the trimming room had declined to the point where it no longer required three people and no longer required a supervisor; 3) Mr. Kuehnl had previously refused the Company's request to operate the trimming room with only one other employee; 4) Mr. Kuehnl had been spending very little time working in the trimming room; and 5) Mr. Kuehnl had alienated company management, as well as the two people performing the majority of the work in the trimming room to the point where they were contemplating quitting.

In this lawsuit, EEOC seeks to recover on behalf of Kuehnl the amount of money which he would have made had his employment with Warfield-Rohr continued.

1. Is any member of the jury panel related to or acquainted with Frederick W. Kuehnl, or any member of his immediate family?

2. Has any member of the jury panel ever worked for the Equal Employment Opportunity Commission, or had any dealings with the Equal Employment Opportunity Commission?

3. Do you know anyone employed or affiliated with the Equal Employment Opportunity Commission?

4. Has any member of your immediate family ever filed a claim with the Equal Employment Opportunity Commission?

5. Is any member of the jury panel related to or acquainted with W. Howard Ayres, or Marsha Ayres, or any members of their immediate family?

6. Is any member of the jury panel related to or acquainted with Michael Osmeyer, Vice-President of the Warfield-Rohr Casket Company?

2

7. Is any member of the jury panel related to or acquainted with John Rosenberger, President of the Warfield-Rohr Casket Company?

8. Is any member of the jury panel related to or acquainted with Elizabeth Skenderovic, an employee of the Warfield-Rohr Casket Company?

9. Is any member of the jury panel related to or acquainted with Matthew Moore, an employee of the Warfield-Rohr Casket Company?

10. Is any member of the jury panel related to or acquainted with Michael Eisenhardt?

11. Is any member of the jury panel related to or acquainted with Orva Kencel?

12. Is any member of the jury panel related to or acquainted with Dr. Sovan Tun, an employee of the EEOC?

13. Is any member of the jury panel related to or acquainted with George Taylor, an employee of Aris Pension Services?

14. Is any member of the jury panel related to or acquainted with Karl Silex, an employee of Clifton Gunderson, LLP?

15. Is any member of the jury panel related to or acquainted with James Norris, an employee of the EEOC?

16. Has any member of the jury panel ever worked for the Warfield-Rohr Casket Company, or had any dealings with or transacted business with Warfield-Rohr?

3

17. Has any member of your immediate family ever transacted business with Warfield-Rohr?

18. Do you know anyone employed or affiliated with Warfield-Rohr?

19. The EEOC is represented by Regina M. Andrew, Gerald S. Kiel, and Debra M. Lawrence. Is any member of the jury panel related to or acquainted with Ms. Andrew, Mr. Kiel, or Ms. Lawrence?

20. Do you or does any member of your immediate family know any lawyers or employees at the EEOC?

21. Warfield-Rohr is represented by Charles S. Hirsch. Is any member of the jury panel related to or acquainted with Mr. Hirsch?

22. Do you or does any member of your immediate family know any lawyers or employees of the law firm of Ballard Spahr Andrews & Ingersoll, LLP?

23. Has any member of the jury panel ever been involved with any dispute with any of the parties in this case?

24. Does any member of the jury panel believe he or she has been a victim of discrimination?

25. Has any member of the jury panel ever filed a claim of employment discrimination?

26. Has any member of the jury panel ever been terminated by an employer?

27. Has any member of the jury panel ever filed for or collected unemployment benefits?

MD_DOCS_A #1250874 v1

28. Do you have any familiarity with the facts of this case, other than what you have learned here today in Court, through actual knowledge, through having read something, or through having overheard something?

29. Has any member of the jury panel or any member of your immediate family been involved in a lawsuit, either as a plaintiff or defendant?

30. Does any member of the jury panel believe that you would favor one side or the other in this case because of your own personal beliefs, rather than based on the evidence presented and the Court's instructions?

Respectfully submitted,

/s/ Charles S. Hirsch

Charles S. Hirsch
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202-3268
(410) 528-5600

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2005 a copy of Defendant's Proposed Voir Dire was delivered electronically to:

>Regina M. Andrew, Esquire
>Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street
>Third Floor
>Baltimore, Maryland 21201

_____
Charles S. Hirsch