## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | * |
|     **Plaintiff,** | * |
| | * |
|     **v.** | *  **Civil Action No. WMN-01-2872** |
| **WARFIELD-ROHR CASKET COMPANY, INC.** | * |
|     **Defendant.** | * |

\*    \*    \*    \*    \*    \*    \*        \*    \*    \*    \*    \*    \*

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

    Defendant, Warfield-Rohr Casket Company, Inc. requests that the Court, in addition to the instructions that it normally uses in a civil case, instruct the jury in the above-captioned action in accordance with the proposed instructions attached hereto. Defendant further requests that the Court inform counsel of its proposed action on the requested instructions prior to counsels' arguments to the jury. Unless otherwise indicated, all instructions are based on <u>Modern Federal Jury Instructions</u>, Sand et al.

Respectfully submitted,

Charles S. Hirsch
Glenn A. Cline
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202-3268
(410) 528-5600

Attorneys for Defendant

*Defendant's Requested Instruction No. 1*

71–3         **FUNCTION OF THE PARTIES**         ¶ 71.01

**Instruction 71–2**
**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

**Authority**

**United States Supreme Court:** The Patapsco Insurance Co. v. Southgate, 30 U.S. 604, 621, 8 L. Ed. 243 (1831).

**Second Circuit:** Franks v. United States Lines Co., 324 F.2d 126 (2d Cir. 1963).

**Third Circuit:** United States v. 564.54 Acres of Land, More or Less, 576 F.2d 983 (3d Cir. 1978), *rev'd on other grounds,* 441 U.S. 506 (1979).

**Fifth Circuit:** Shelak v. White Motor Co., 636 F.2d 1069 (5th Cir. 1981); Shelak v. White Motor Co., 581 F.2d 1155 (5th Cir. 1978); Martin v. Travelers Indemnity Co., 450 F.2d 542 (5th Cir. 1971); Troutman v. Southern Railway Co., 441 F.2d 586 (5th Cir.), *cert. denied,* 404 U.S. 871 (1971).

(Matthew Bender & Co., Inc.)                    (Rel.21–8/94  Pub.485)

Defendant's Requested Instruction No. 2

### Instruction 71–3
### Role of the Jury[1]

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

---

[1] Adapted from the charges of Judge Weinfeld in Mollica v. Compania Sud-Americana DeVaporea, Civ. 65-60 (S.D.N.Y.), and Grossman v. United Fruit Co., Civ. 45-3437 (S.D.N.Y. 1953).

(Matthew Bender & Co., Inc.)                    (Rel.21–8/94 Pub.485)

*Defendant's Requested Instruction No. 5*

¶ 71.01          **FEDERAL JURY INSTRUCTIONS**          71–20

**Instruction 71–10**
**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

———————————

**Authority**

United States Supreme Court: *In re* Murchison, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955).

Third Circuit: Edwards v. City of Philadelphia, 860 F.2d 568 (3d Cir. 1988).

Seventh Circuit: Joan W. v. City of Chicago, 771 F.2d 1020 (7th Cir. 1985).

———————————

**Comment**

The foregoing charge may be especially appropriate when counsel have made emotional pleas to the jury. As one court said:

Jurors are expected to apply common sense and experience in making the findings essential to justice, but justice is not done if a juror simply places himself in the position of an injured party. Our system demands of jurors a prudent, disinterested evaluation of the evidence, not an emotional identification with a party. Indeed, neither the rules of evidence nor other legal guidelines would have much meaning if subjective judgments were the tests for persuasion. Fairness to *all* parties is the duty of jurors, as well as judges,

(Matthew Bender & Co., Inc.)                    (Rel.21–8/94 Pub.485)

*Defendant's Requested Instruction No. 9*

## ¶ 72.01    Corporations and Corporate Responsibility.

### Instruction 72–1

### Corporate Parties

In this case, ~~(one of)~~ the ~~plaintiff(s)~~ ~~(or~~ defendant~~(s))~~ is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

---

### Authority

**Fifth Circuit:** Fifth Circuit Civil Pattern Jury Instruction 2.13.

**Ninth Circuit:** Ninth Circuit Model Civil Jury Instruction 6.1.

---

### Comment

Several of the circuit pattern instructions recommend that the jury be reminded that all litigants, including corporations, are equal before the law. The Ninth Circuit instruction provides in part:

All persons are equal before the law and a [corporation] is entitled to the same fair and conscientious consideration by you as any other person.[1]

The Fifth Circuit instruction provides in part:

A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

The Eleventh Circuit instruction is virtually identical.[2.1]

*(Text continued on page 72–3)*

---

[1] Ninth Circuit Model Civil Jury Instruction 6.1.

[2] Fifth Circuit Civil Pattern Jury Instruction 2.13.

[2.1] Eleventh Circuit Civil Pattern Jury Instruction 2.2.

(Matthew Bender & Co., Inc.)                    (Rel.35a–10/99  Pub.485)

## Instruction 74–14
### Depositions

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

------

### Authority

**Fifth Circuit:** Fifth Circuit Model Civil Jury Instruction 2.23.

**Ninth Circuit:** Ninth Circuit Model Civil Jury Instruction 2.6.

**Tenth Circuit:** Minshall v. McGraw Hill Broad. Co., 323 F.3d 1273 (10th Cir. 2003).

------

### Comment

Instruction 74–14 is recommended for cases in which the deposition is offered for affirmative evidence because the deponent is "unavailable" at the time of trial.[1] The Federal Rules of Evidence define such "unavailability" to include situations of privilege, refusal to testify in defiance of court order, lack of memory, death or illness, and inability to procure attendance by process or other reasonable means.[2] This instruction is also appropriate where the deposition is offered as affirmative evidence because the deponent gives trial testimony inconsistent with his deposition.[3] The definition of "inconsistency" is a matter of considerable discretion for the trial court;[4] to be inconsistent, statements need not be diametrically opposed.[5]

------

[1] Fed. R. Evid. 804(b)(1).

[2] Fed. R. Evid. 804(a). See, e.g., Minshall v. McGraw Hill Broad. Co., 323 F.3d 1273, 1283–1284 (10th Cir. 2003) (at time of trial, deposed witness lived outside court's subpoena power).

[3] Fed. R. Evid. 801(d)(1).

[4] See United States v. Thompson, 708 F.2d 1294 (8th Cir. 1983).

[5] For example, a witness' claimed lack of memory of an event may be considered "inconsistent" with his prior statements about that event. See Vogel v. Percy, 691 F.2d 843, 846 (7th Cir. 1982); Westinghouse Electric Corp. v. Wray Equipment Corp., 286 F.2d 491, 493 (1st Cir.), cert. denied, 366 U.S. 929 (1961). See also California v. Green, 399 U.S. 149, 169, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970).

Defendant's Requested Instruction No. 26

¶ 75.01    Inferences

## Instruction 75-1
## Inference Defined [1]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

### Authority

United States Supreme Court: Schulz v. Pennsylvania R. Co., 350 U.S. 372, 76 S. Ct. 608, 100 L. Ed. 668 (1956); Lavender v. Kurn, 327 U.S. 645, 66 S. Ct. 740, 90 L. Ed. 926 (1946).

Second Circuit: Wilkins v. American Export Isbrandtsen Lines, Inc., 446 F.2d 480 (2d Cir.), cert. denied, 404 U.S. 1018 (1971).

[1] Adapted from the charge of Judge Weinfeld in United States v. Corr, 543 F.2d 1042 (2d Cir. 1976).

(Matthew Bender & Co., Inc.)                    (Rel.21–8/94 Pub.485)

*Defendant's Requested Instruction No. 7*

### Instruction 75–2
### Effect of Inference on Burden of Proof—Inference Against Defendant Does Not Shift Burden of Proof[1]

The mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence ~~(or clearly and convincingly)~~. If the plaintiff is to obtain a verdict, you must still believe from the credible evidence that he has sustained the burden cast upon him. If he has failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

---

### Authority

**Second Circuit:** Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina, 32 F.2d 209 (2d Cir. 1929).

**Third Circuit:** United States v. Cherasky Meat Company, 259 F.2d 89 (3d Cir. 1958); Eckenrode v. Pennsylvania R. Co., 164 F.2d 996 (3d Cir. 1947).

**Fifth Circuit:** Golden v. Kentile Floors, Inc., 512 F.2d 838 (5th Cir. 1975); United States v. Roberson, 233 F.2d 517 (5th Cir. 1956).

**Seventh Circuit:** The A.L.B. Theatre Corporation v. Loew's Incorporated, 355 F.2d 495 (7th Cir. 1966).

---

### Comment

The foregoing instruction, regarding the effect of an inference on the plaintiff's burden of proof, is appropriate where the jury

---

[1] Adapted from the charge of Judge Weinfeld in Neasbitt v. Isbrandtsen SS Co. (S.D.N.Y.).

(Matthew Bender & Co., Inc.)

*Defendant's Requested Instruction No. 8*

¶ 76.01          FEDERAL JURY INSTRUCTIONS                    76–2

¶ 76.01   Witness Credibility

[1]—In General

### Instruction 76–1
### Witness Credibility[1]

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. (~~If applicable: It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.~~) In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of

[1] Adapted from the charge of Judge Weinfeld in *Powell v. Sealectro,* (S.D.N.Y. 1964).

(Matthew Bender & Co., Inc.)

(Rel.21–8/94  Pub.485)

*Defendant's Requested Instruction No. 8 (Continued)*

consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

---

### Authority

**United States Supreme Court:** Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967 (1944).

**District of Columbia Circuit:** United States v. American Telephone and Telegraph, 83 F.R.D. 323 (D.D.C. 1979).

**Second Circuit:** Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952); Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946).

**Sixth Circuit:** Powers v. Bayliner Marine Corp., 83 F.3d 789 (6th Cir. 1996), *cert. denied,* 519 U.S. 992 (1996).

**Eighth Circuit:** Eighth Circuit Model Civil Jury Instruction 3.03.

**Ninth Circuit:** Ninth Circuit Model Civil Jury Instruction 3.7.

**Eleventh Circuit:** Eleventh Circuit Pattern Civil Jury Basic Instruction 3.

---

### Comment

Final instructions regarding witness credibility are necessary because as the Supreme Court has held: "[t]he jury were the judges of the credibility of the witnesses . . . , and in weighing their testimony had the right to determine how much dependence was to be placed upon it."[2]

---

[2] Aetna Life Insurance Co. v. Ward, 140 U.S. 76, 88–89, 11 S. Ct. 720, 35 L. Ed. 371 (1891). In that case, the Supreme Court upheld the trial judge charge which specifically permitted the jury to reject the diagnosis of an expert, reasoning:

There are many things sometimes in the conduct of a witness upon the stand, and sometimes in the mode in which his answers are drawn from him through the questioning of counsel, by which a jury are to be guided in determining the weight and credibility of his testimony. That part of every case, such as the one at bar, belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men; and so long as we have jury trials they should not be disturbed in their possession of it, except in a case of manifest and extreme abuse of their function. Neither do we consider that there was any error in that part of the charge specifically excepted to therein. The jury were not told that they could reject the evidence of Dr. Watson, but simply his diagnosis of the case, that is, his conclusion as to the nature of the disease from the various symptoms detailed by him.

*Defendant's Requested Instruction No. 9*

[2]—Expert Witnesses.

### Instruction 76–9
### Expert Witnesses—Generally

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

---

### Authority

**Second Circuit:** United States v. Simon, 425 F.2d 796 (2d Cir. 1969), *cert. denied*, 397 U.S. 1006 (1970).

**Seventh Circuit:** Seventh Circuit Pattern Criminal Jury Instruction 3.07.

**Ninth Circuit:** United States v. Rrapi, 175 F.3d 742 (9th Cir. 1999), *cert. denied*, 528 U.S. 912 (1999); Ninth Circuit Model Civil Jury Instruction 3.8.

**Eleventh Circuit:** United States v. Herring, 955 F.2d 703 (11th Cir. 1992), *cert. denied*, 506 U.S. 926 (1992); Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 5.1.

---

### Comment

When expert testimony is introduced at trial, and is denominated as such for the jury, there arises a significant danger that the jury will unduly credit the witness because the judge has characterized the witness as an "expert." Accordingly, the recommended instruction avoids the term "expert" and instead

*Defendant's Requested Instruction No. 18*

¶ 88.02   Age Discrimination in Employment Act (29 U.S.C. § 621).

**[1]—General Instructions.**

**Instruction 88–23**

**The Statute**

The plaintiff bases his lawsuit on the Age Discrimination in Employment Act (ADEA). That Act provides in pertinent part:

(a)   It shall be unlawful for an employer—

    (1)   ~~to fail or refuse to hire or~~ to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

    (2)   to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

    (3)   to reduce the wage rate of any employee in order to comply with this chapter.

(b)   It shall be unlawful for an employment agency to fail or refuse for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

(c)   It shall be unlawful for a labor organization—

    (1)   to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;

    (2)   to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age; or

    (3)   to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

(Rel.44a–4/04  Pub.485)

*Defendant's Requested Instruction No. 11*

### Instruction 88–24
### Coverage

**The prohibitions contained in the Age Discrimination in Employment Act forbid discriminations against individuals who are at least 40 years old. In other words, the Act makes it unlawful for an employer to discriminate against an individual 40 or older because of his age.**

---

### Authority

29 U.S.C. § 631(a).

**United States Supreme Court:** Kimel v. Florida Board of Regents, — U.S. —, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000).

---

### Comment

A 1986 amendment to the Age Discrimination in Employment Act (effective January 1, 1987) extended its protection to persons over 70 years old.[1] In *Aledo-Garcia v. Puerto Rico National Guard Fund, Inc.,*[2] the First Circuit held that the amendment should be applied to a trial occurring after its effective date with respect to a claim arising prior to its effective date.[3]

The ADEA does not provide a remedy for reverse age discrimination.[4] In addition, officers in active military service with the armed forces and military officers are exempt from both the ADEA and Title VII.[5] The ADEA, like other

---

[1] 29 U.S.C. § 631(a) (Supp. 1989). Another 1986 amendment carved out an exception to section 631(a) for provisions of 29 U.S.C. § 623(g). *Id.* The latter relates to coverage under group health plans and requires employers to provide coverage to any employee age 65 or older.

[2] 887 F.2d 354 (1st Cir. 1989).

[3] *Id.* at 358.

[4] General Dynamics Land Sys. v. Cline, — U.S. —, 2004 U.S. LEXIS 1623, *3 (Feb. 24, 2004) ("The prefatory provisions and their legislative history make a case that we think is beyond reasonable doubt, that the ADEA was concerned to protect a relatively old worker from discrimination that works to the advantage of the relatively young."); Hamilton v. Caterpiller, Inc., 966 F.2d 1226 (7th Cir. 1992) (court noted the absence of any concern in legislative history for workers denied opportunities and benefits because of their youth).

[5] Hedin v. Thompson, 2004 U.S. App. LEXIS 768 (4th Cir. Jan. 20, 2004) (ADEA claim of commissioned officer in the Public Health Service, not serving in the Armed Forces, was dismissed since Congress has mandated that Public Health Service officers be treated for purposes of antidiscrimination laws as officers in active military service with the Armed Forces, and military officers are exempt from antidiscrimination laws).

(Rel.44a–4/04  Pub.485)

*Defendant's Requested Instruction No. 12*

**[2]—Plaintiff's Prima Facie Case.**

### Instruction 88–26
### Burden of Proof

In a moment I will tell you exactly what the plaintiff must prove in order to establish a presumption that the defendant violated the Age Discrimination in Employment Act. The plaintiff must prove each of the elements I will list, and must do so by a preponderance of the evidence.

If the plaintiff does prove each of these elements by a preponderance of evidence, then you may infer that defendant discriminated against the plaintiff because of age. In that case, you will have to go on to consider other issues about which I will instruct you in a moment.

If the plaintiff does not prove each of these elements by a preponderance of the evidence, you may not infer that discrimination based upon age has occurred. In that case you must find for the defendant.

There may be times, on specific issues, that the defendant will have the burden of proof by a preponderance of the evidence. I will tell you expressly whenever that is the case. Unless I tell you otherwise, the plaintiff has the burden of proof by a preponderance of the evidence.

You must remember throughout this case that, as a general matter, the plaintiff bears the burden of proof by a preponderance of the evidence that the defendant discriminated against him on the basis of his age.

---

### Authority

**United States Supreme Court:** Western Air Lines, Inc. v. Criswell, 472 U.S. 353, 105 S. Ct. 2743, 86 L. Ed. 2d 286 (1985); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

**Seventh Circuit:** Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986), *cert. denied,* 479 U.S. 1066 (1987).

---

### Comment

The Supreme Court made clear in *Texas Dep't of Community Affairs v. Burdine*[1] that, where the *McDonnell Douglas*[2] model is employed, as it is in

---

[1] 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981).

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

*Defendant's Requested Instruction No. 13*

¶ 73.01        **FEDERAL JURY INSTRUCTIONS**        73–4

### Instruction 73–2
### Burden of Proof—Preponderance of the Evidence[1]

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

---

[1] Adapted from the charge of the Hon. Abraham Sofaer in Sharon v. Time, Inc., 83 Civ. 4660 (S.D.N.Y. 1985).

(Matthew Bender & Co., Inc.)                    (Rel.21–8/94 Pub.485)

*Defendant's Requested Instruction No. 14*

88–119                    **CIVIL RIGHTS ACTIONS**              Inst. 88–28C

### Instruction 88–28C
### Mixed Motive Claim

The plaintiff has introduced evidence which he claims demonstrates that an illegitimate factor—age—was a motivating factor in ~~an employment~~ *terminating plaintiff's employmen* ~~decision [describe] adverse to the plaintiff. If you believe the plaintiff's evidence and are persuaded by a preponderance of the evidence that age was a motivating factor in the employment decision [describe], then you must find for the plaintiff, unless you find,~~ *whether* under the instructions I will give you in a moment, ~~that~~ the defendant would have made the same decision *to terminate plaintiff employmen* ~~[describe]~~ even if it had not taken the illegitimate factor of age into account.

---

### Authority

**United States Supreme Court:** Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989).

**Second Circuit:** Danzer v. Norden Systems, Inc., 151 F.3d 50 (2d Cir. 1998).

**Third Circuit:** Fakete v. Aetna, Inc., 308 F.3d 335 (3d Cir. 2002); Starceski v. Westinghouse Electric Corp., 54 F.3d 1089 (3d Cir. 1995); Armbruster v. Unisys Corp., 32 F.3d 768 (3rd Cir. 1994)

**Sixth Circuit:** Wexler v. White's Fine Furniture, Inc., 317 F.3d 564 (6th Cir. 2003).

**Eighth Circuit:** Nitschke v. McDonnell Douglas Corp., 68 F.3d 249 (8th Cir. 1995); Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 449 (8th Cir. 1993).

---

### Comment

*See* Comment to Instruction 87-22A.

*See also* Instructions 87-22AA and 87-22B, which can be suitably adapted for a mixed motive age discrimination claim. In *Armbruster v. Unisys Corp.,*[1] the Third Circuit concluded that even if the Civil Rights Act of 1991's new "mixed motive" standard applied to ADEA, it would not govern pre-enactment conduct.[2]

[1] 32 F.3d 768 (3rd Cir. 1994)

[2] *Id.* at 771 n.3.

*IF you do not believe plaintiff's evidence, then you must find for the defendant* (Rel.40a–4/02 Pub.485)

*IF you believe the plaintiff's evidence ~~then~~ and are persuaded by a preponderance ~~you must consider whether age~~ of the evidence that age was a motivating factor in plaintiff's termination, then you must consider,*

*Defendant's Requested Instruction No. 15* (handwritten)

### Instruction 88–29
### Causation

*motivating* (handwritten)   *motivating* (handwritten)

The plaintiff must establish by a preponderance of the evidence that age was a ~~determinative~~ factor in the action taken by the defendant. The plaintiff need not establish that age was the sole factor motivating the defendant. Age may be one of a number of factors contributing to the defendant's action. The plaintiff demonstrates that age was a ~~determinative~~ factor if he shows that "but for" age, the adverse action would not have happened—that is, but for his age, he would not have been [~~rejected, fired, or passed over for promotion~~]. *discharged.* (handwritten)

---

### Authority

**District of Columbia Circuit:** Krodel v. Young, 748 F.2d 701 (D.C. Cir. 1984).

**First Circuit:** Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979).

**Second Circuit:** Hagelthorn v. Kennecott Corp., 710 F.2d 76 (2d Cir. 1983).

**Third Circuit:** Smithers v. Bailar, 629 F.2d 892 (3d Cir. 1980).

**Fourth Circuit:** Goldberg v. B. Green & Co., 836 F.2d 845 (4th Cir. 1988); Wilhelm v. Blue Bell, Inc., 773 F.2d 1429 (4th Cir. 1985), *cert. denied,* 475 U.S. 1016 (1986).

**Fifth Circuit:** Lindsey v. Prive Corp., 161 F.3d 886 (5th Cir. 1998); Merkel v. Scovill, Inc., 787 F.2d 174 (5th Cir. 1986); Bohrer v. Hanes Corp., 715 F.2d 213 (5th Cir. 1983), *cert. denied,* 465 U.S. 1026 (1984).

**Sixth Circuit:** Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir. 1986), *cert. denied,* 480 U.S. 919 (1987); Wilkins v. Eaton Corp., 790 F.2d 515 (6th Cir. 1986).

**Seventh Circuit:** Umpleby v. Potter & Brumfield, Inc., 69 F.3d 209 (7th Cir. 1995); Rengers v. WCLR Radio Station, 825 F.2d 160 (7th Cir. 1987); Mathewson v. National Automatic Tool Co., 807 F.2d 87 (7th Cir. 1986); McNeil v. Economics Laboratory, Inc., 800 F.2d 111 (7th Cir. 1986), *cert. denied,* 481 U.S. 1041 (1987); Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986), *cert. denied,* 479 U.S. 1066 (1987); LaMontagne v. American Convenience Products, Inc., 750 F.2d 1405, 1409 (7th Cir. 1984).

**Eighth Circuit:** Dace v. ACF Industries, 722 F.2d 374 (8th Cir. 1983), *reh. denied,* 728 F.2d 976 (8th Cir. 1984).

**Ninth Circuit:** Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987), *cert. denied,* 484 U.S. 1047 (1988); E.E.O.C. v. Borden's, Inc., 724 F.2d 1390 (9th Cir. 1982).

*Defendant's Requested Instruction No. 16*

¶ 87.01          **FEDERAL JURY INSTRUCTIONS**          87–56

*terminated Plaintiff's employment*
**Instruction 87-17**
**Direct Evidence—Defendant's Burden**

The defendant has presented evidence to show that he would have [~~describe the adverse action taken against the plaintiff~~] even in the absence of discriminatory intent. It is the defendant's burden to persuade you on this point. That means that the defendant must persuade you, by a preponderance of the evidence, that even if he put aside his discriminatory intent or if it did not exist at all, he [~~describe the adverse action taken against the plaintiff~~] *defendant would have terminated Plaintiff's employment.*
*it*

If the defendant persuades you that he would have taken the same action in any event, then ~~the plaintiff was not harmed by defendant's intent to discriminate because he would have been treated the same way regardless of race. In that case, the defendant is not liable to plaintiff under section 1981.~~

*you must find in favor of defendant.*

**Authority**

**United States Supreme Court:** Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

**D.C. Circuit:** U.S. Information Agency v. KRC, 989 F.2d 1211 (D.C. Cir. 1993).

**Fifth Circuit:** Guillory v. St. Landry Parish Police Jury, 802 F.2d 822 (5th Cir. 1986), *cert. denied,* 482 U.S. 916 (1987).

**Seventh Circuit:** Bristow v. Drake Street Inc., 41 F.3d 345 (7th Cir. 1994).

**Eleventh Circuit:** Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Dybczak v. Tuskegee Institute, 737 F.2d 1524 (11th Cir. 1984); Perryman v. Johnson Products Co., 698 F.2d 1138 (11th Cir. 1983); Lee v. Russell County Bd. of Educ., 684 F.2d 769 (11th Cir. 1982).

(Matthew Bender & Co., Inc.)                    (Rel.27–4/96  Pub.485)

Defendant's Requested Instruction No. 17

## §2:470 Single Remark

A single spoken statement referring to age, standing alone, does not necessarily prove an intent to discriminate. Such statement, if you believe it occurred, is like any other evidence and you may consider it or reject it in light of all of the facts as you find those facts to be.

Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions §2:470 (2003)

*Defendant's Requested Instruction No. 18*

## §2:600 Reduction in Workforce

Defendant contends that the termination of Plaintiff occurred for business, economic and budgetary reasons; that a decision was made to eliminate the employment position held by Plaintiff because it was not conducive to the goals of the company nor economically productive in the determination of management of the company.

The law does not require an employer to lay off or terminate a younger employee holding any job for which Plaintiff was qualified. ~~Nor is the failure to do so evidence of pretextual reasons for Plaintiff's layoff or termination.~~ The law is not a guarantee of continued employment to those over forty. It merely prohibits employers from using age as a determining factor to disadvantage employees in the protected class.

*Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions §2:600 (2003)*

*Defendant's Requested Instruction No. 19*

### §2:541 Business Judgment— Alternate

You may not return a verdict for Plaintiff just because you might disagree with Defendant's decision or believe it to be harsh or unreasonable, as long as Defendant would have reached the same re-hiring decision regardless of Plaintiff's age.

Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions § 2:541 (2003)

## DEFENDANT'S REQUESTED INSTRUCTION NO. 20

Plaintiff has stated that he offered to take a reduced salary after his employment was terminated. You may not infer from Defendant's refusal to accept Plaintiff's offer that Defendant terminated his employment because of his age.

<u>DeNio v. Asplundh Tree Company</u>, 1996 WL 423125 at 3 (4th Cir. 1996) (unpublished decision).

Defendant's Requested Instruction No. 21

### c. Other Legitimate, Nondiscriminatory Reasons

### §2:590 Unsatisfactory Job Performance

Defendant has stated that Plaintiff was discharged [insert adverse employment action] because his [his/her] overall job performance was unsatisfactory. This is a legitimate reason to discharge [insert adverse employment action] Plaintiff and it dispels any inference that the discharge [insert adverse employment action] was improper, unless you find that the stated reason or determining factor for the discharge [insert adverse employment action] was a pretext, i.e., a cover-up for age discrimination.

Todd J. McNamara & J. Alfred Southerland, Federal Employment Jury Instructions §2:590 (2003)

*Defendant's Requested Instruction No. 22*

**¶ 77.01   Damages.**


### Instruction 77–1
### Consider Damages Only If Necessary

   If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

---------------

### Authority

   **Third Circuit:** Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), *modified on other grounds*, 430 F.2d 325 (3d Cir. 1970), *cert. denied*, 401 U.S. 974 (1971).

   **Fifth Circuit:** Fifth Circuit Pattern Civil Jury Instruction 15.1.

   **Tenth Circuit:** Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

---------------

### Comment

   The Fifth Circuit has adopted a pattern instruction virtually identical to the recommended instruction. It provides:

   If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.[1]

   The Tenth Circuit has approved an instruction to the effect:

   It is the duty of the court to give instructions as to the measure of damages. Now you, the jury, are not to infer from the fact that an instruction on the

---------

[1] Fifth Circuit Pattern Civil Jury Instruction 15.1.

(Rel.44a–4/04  Pub.485)

*Defendant's Requested Instruction No. 23*

77–7                                  DAMAGES                              Inst. 77–3

### Instruction 77–3
### Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. ~~(If applicable: Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.)~~ ~~(If applicable: Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.)~~

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

---

### Authority

**United States Supreme Court:** Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248, 75 L. Ed. 544 (1931).

(Rel.44a–4/04  Pub.485)

*Defendant's Requested Instruction No. 24*

88–155                    **CIVIL RIGHTS ACTIONS**                    Inst. 88–38

**[5]—Damages.**

**Instruction 88–38**
**Compensatory Damages**

*if you find that plaintiff made reasonable efforts to mitigate his damages by looking for other employment.*

I instruct you that the purpose of the ADEA is to make persons whole for injuries suffered as a result of unlawful employment discrimination. Under the ADEA, a successful plaintiff is entitled to recover lost wages and benefits, including increases in wages. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of adverse action to the date you, the jury, return a verdict, unless the plaintiff would have been terminated or discharged for non-discriminatory reasons prior to trial. In such circumstances, lost wages and benefits are calculated from the date of the adverse action to the date such discharge would have occurred.

---

**Authority**

**First Circuit:** Kolb v. Goldring, Inc., 694 F.2d 869 (1st Cir. 1982).

**Second Circuit:** Banks v. The Travelers Companies, 180 F.3d 358 (2d Cir. 1999); Paolitto v. Brown E. & C., 151 F.3d 60 (2d Cir. 1998).

**Third Circuit:** Wehr v. Burroughs Corp., 619 F.2d 276 (3d Cir. 1980).

**Fifth Circuit:** Dean v. American Security Insurance Co., 559 F.2d 1036 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066 (1978).

**Sixth Circuit:** Skalka v. Fernald Environmental Restoration Management Corp., 178 F.3d 414, 426 (6th Cir. 1999); E.E.O.C. v. Kentucky State Police Dept., 80 F.3d 1086 (6th Cir.), *cert. denied,* 519 U.S. 963 (1996).

**Seventh Circuit:** Downes v. Volkswagen of America, Inc., 41 F.3d 1132 (7th Cir. 1994).

**Eighth Circuit:** Morse v. Southern Union Company, 174 F.3d 917 (8th Cir. 1999); Gibson v. Mohawk Rubber Co., 695 F.2d 1093 (8th Cir. 1982).

---

**Comment**

The plain language of the ADEA makes clear that a prevailing plaintiff under the ADEA is entitled to back pay. The basic rule is that a successful ADEA plaintiff is entitled to back pay from the date of discharge to the date of judgment. Certain events, however, can interrupt that accrual of back pay. When layoffs

*Defendant's Requested Instruction No. 25*

### Instruction 77–7
### Mitigation of Damages

You are instructed that any person who claims damages ~~as a result of an alleged wrongful act of another~~ *under the ADEA* has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. *— by looking for other employment*. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity. *In other words, if you find that Plaintiff failed to use reasonable diligence to find other employment, then you cannot award Plaintiff compensatory damages, but are limited to the award of nominal damages.*

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

---

### Authority

**Fifth Circuit:** Southport Transit Company v. Avondale Marine Ways, Inc., 234 F.2d 947, 951–954 (5th Cir. 1956); Fifth Circuit Pattern Civil Jury Instruction 15.15.

**Eighth Circuit:** Holladay v. Chicago, Burlington & Quincy Railroad Company, 255 F. Supp. 879, 886 (S.D. Iowa 1966).

**Ninth Circuit:** Ninth Circuit Model Civil Jury Instruction 7.3.

**Tenth Circuit:** Hildago Properties, Inc. v. Wachovia Mortgage Co., 617 F.2d 196, 200 (10th Cir. 1980); Trejo v. Denver & Rio Grande Western Railroad Company, 568 F.2d 181, 184 (10th Cir. 1977).

**Eleventh Circuit:** Eleventh Circuit Pattern Civil Jury Instructions, Damage Instruction 1.1.

(Rel.44a–4/04 Pub.485)

*Defendant's Requested Instruction No. 26*

77–31

*Failed to mitigate his damages by using reasonable diligence to find other employment* Inst. 77–6

## DAMAGES

### Instruction 77–6
### Nominal Damages

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights ~~or breached a duty owed to the plaintiff~~, but *must* that the plaintiff ~~suffered no injury as a result of this violation or breach~~, you ~~may~~ award the plaintiff "nominal damages." ~~"Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.~~

~~You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.~~

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum. *Such as $1.00*

---

### Authority

**First Circuit:** Magnett v. Pelletier, 488 F.2d 33 (1st Cir. 1973).

**Second Circuit:** Caribbean Steamship Co. v. Sonmez Denizcilik Ve Ticaret, 677 F.2d 254 (2d Cir. 1982); United States Football League v. National Football League, 644 F. Supp. 1040 (S.D.N.Y. 1986).

**Seventh Circuit:** Redding v. Fairman, 717 F.2d 1105, 1119 (7th Cir. 1983), *cert. denied,* 465 U.S. 1026 (1984).

---

### Comment

In instructing the jury about nominal damages, it is advisable to remind the jury that they are free to award substantial compensatory damages if an injury has been shown. In *Eulo v. Deval Aerodynamics, Inc.,* [1] for example, the plaintiff, having been awarded $.06 damages, contended that the judge had overemphasized nominal damages in instructing that:

---

[1] 47 F.R.D. 35 (E.D. Pa. 1969), *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974 (1971).

(Rel.44a–4/04  Pub.485)

*Defendant's Requested Instruction No. 27*

### Instruction 88–40
### Punitive Damages

**I instruct you that even if the plaintiff persuades you that the defendant has violated the ADEA, you may *not* award the plaintiff damages for pain and suffering or punitive damages.**

---

### Authority

**Third Circuit:** Rogers v. Exxon Research & Eng'g Co., 550 F.2d 834 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022 (1978).

**Fourth Circuit:** Slatin v. Stanford Research Institute, 590 F.2d 1292 (4th Cir. 1979).

**Fifth Circuit:** Guthrie v. J.C. Penney Co., 803 F.2d 202 (5th Cir. 1986); Dean v. American Security Insurance Co., 559 F.2d 1036 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066 (1978).

**Sixth Circuit:** Hill v. Spiegel, Inc., 708 F.2d 233 (6th Cir. 1983).

**Seventh Circuit:** Pfeiffer v. Essex Wire Corp., 682 F.2d 684 (7th Cir.), *cert. denied*, 459 U.S. 1039 (1982).

**Ninth Circuit:** Naton v. Bank of California, 649 F.2d 691 (9th Cir. 1981).

**Tenth Circuit:** Bruno v. Western Elec. Co., 829 F.2d 957 (10th Cir. 1987).

---

### Comment

That damages are not available under the ADEA for pain and suffering or punitive damages is well established. The availability of liquidated damages for willful violations of the Act makes punitive damages unnecessary and excessive.[1] Awards for pain and suffering are "both outside the scope of the ADEA and

[1] Dean v. American Security Insurance Co., 559 F.2d 1036, 1039 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066 (1978) ("The provisions for liquidated damages for willful violations of the Act and its silence as to punitive damages convinces us that the omission of any reference thereto was intentional . . . . Thus it is obvious that, if Congress believed punitive damages necessary to eliminate discrimination based on age, it knew exactly how to provide for them."); Bruno v. Western Elec. Co., 829 F.2d 957, 966–67 (10th Cir. 1987); Rogers v. Exxon Research & Eng'g Co., 550 F.2d 834 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022 (1978); Stevenson v. J.C. Penney Co., 464 F. Supp. 94 (N.D. Ill. 1979); Quinn v. Bownar Publishing Co., 445 F. Supp. 780 (D. Md. 1978). Contra, Kennedy v. Mountain States Tel. & Tel. Co., 449 F. Supp. 1008 (D. Colo. 1978) (adopting an expansive reading of the Supreme Court decision in Lorillard v. Pons, 434 U.S. 575, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978), in which the Supreme Court declined to allude to the issue of punitive damages).

(Matthew Bender & Co., Inc.)