IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.  WMN-01-2872 ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Plaintiff hereby objects to the following Jury Instructions proposed by Defendant, for the reasons set forth below:

Defendant's Proposed Instruction No. 20:    This is an unpublished decision and is entitled to no precedential value. Moreover, even the employer's refusal to retain the employee at a reduced salary does not trigger an inference of age discrimination, it still can trigger a finding of pretext, when cost is one of the reasons articulated for the discharge.

Defendant's Proposed Jury Instruction No. 21:   Defendant's deletion of language in this proposed instruction now erroneously compels a finding of no discrimination, simply if Defendant *articulates* that unsatisfactory job performance is the reason for the adverse action. This is legally wrong and the pretext language which Defendant deleted must be re-inserted if this instruction is to be used.

Defendant's Proposed Jury Instruction No. 24: In this instruction explaining compensatory damages, Defendant tries to insert a requirement that the claimant's duty to

mitigate only can be fulfilled if he looks for other employment. This instruction is wrong in that it omits the well-settled legal standard that a claimant also may attempt self-employment and still have exercised due diligence, thereby successfully mitigating damages. See Ford v. Rigidply Rafters, Inc., 984 F. Supp. 386, 390 (D. Md. 1997); EEOC v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364 (S.D. Fla. 1998); Nord v. U.S. Steel Corp., 758 F.2d 1462, 1471 (11th Cir. 1985); Smith v. Great American Restaurants, Inc., 969 F.2d 430, 438 (7th Cir. 1992).

      Defendant's Proposed Jury Instruction No. 25: Defendant tries to insert into this proposed instruction, which explains mitigation of damages and reasonable diligence, that the claimant had to search for other employment in order to fulfill this criteria. This instruction is wrong in that it omits the well-settled legal standard that a claimant also may attempt self-employment and still have exercised due diligence, thereby successfully mitigating damages. See Ford v. Rigidply Rafters, Inc., 984 F. Supp. 386, 390 (D. Md. 1997); EEOC v. Joe's Stone Crab, Inc., 15 F. Supp. 2d 1364 (S.D. Fla. 1998); Nord v. U.S. Steel Corp., 758 F.2d 1462, 1471 (11th Cir. 1985); Smith v. Great American Restaurants, Inc., 969 F.2d 430, 438 (7th Cir. 1992).

      Defendant's Proposed Jury Instruction No. 26: There is no provision under the ADEA for nominal damages. A successful plaintiff is entitled to monetary relief in the form of back pay, liquidated damages, and front pay. An unsuccessful plaintiff is entitled to no monetary damages. This instruction – suggesting an award of nominal damages – has no support under the ADEA.

      Respectfully submitted,

      GERALD S. KIEL
      Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____/s/_____
REGINA M. ANDREW
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Tel.: (410) 962-4220