IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO.  WMN-01-2872 |
| v. | ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) |
| Defendant. | ) ) |

**EEOC'S MEMORANDUM OF LAW IN SUPPORT OF EEOC'S
SECOND MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF
<u>MARSHA AYRES</u>**

This is an age discrimination case, in which Plaintiff, Equal Employment Opportunity Commission asserts that Howard Ayres, now deceased and former owner of Defendant Warfield-Rohr Casket Company, Inc., fired Frederick Kuehnl, then age 56, from his casket trimmer position of 29 years, because of his age.  On February 7, 2005, EEOC moved for an order precluding the testimony of Marsha Ayres, and other witnesses, because they were identified for the first time as witnesses for Defendant in preparation of the pretrial order in this case.

On February 10, 2005, at the pretrial conference, Defendant, for the first time, identified Marsha Ayres, the widow of Howard Ayres, the alleged discriminator, as a witness who would testify about Defendant's history and possibly about other matters unknown to the Commission. Notwithstanding that the history of the company is irrelevant to the EEOC's claim of age discrimination, and notwithstanding that Defendant already has identified as designations from

1

the deposition of Mr. Ayres information pertaining to the history of the company, the Commission still offered to stipulate to facts related to the company's history. The Defendant rejected the Commission's offer, insisting that Mrs. Ayres needs to testify. Clearly, Defendant's insistence on calling Marsha Ayres is to invoke the sympathy of the jury.

Marsha Ayres should be excluded as a witness in this case because she did not witness any of the alleged discriminatory conduct at issue in this case. This is evident because Defendant did not identify her as a witness with knowledge of facts in this case at any time prior to the end of the discovery period, which ended on August 30, 2004. Moreover, evidence of the history of the company is irrelevant. Despite its irrelevance, the Commission did not object to Defendant's designations from Mr. Ayres' deposition pertaining to company history and even offered additional stipulations, rejected by Defendant. Defendant now is in a position of offering information which not only is irrelevant but also cumulative, and thereby inadmissible under Federal Rules of Evidence 402 and 403. Marsha Ayres therefore should be precluded from testifying in this case because any probative value of her testifying is far outweighed by the unfair prejudice to the Commission.

For the reasons set forth above, the Commission respectfully requests that the Court grant its Motion in limine to preclude the testimony of Marsha Ayres.

        Respectfully submitted,

        GERALD S. KIEL
        Regional Attorney

        DEBRA M. LAWRENCE
        Supervisory Trial Attorney

        /s/
REGINA M. ANDREW
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Tel.: (410) 962-4220