IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | * | |
| **OPPORTUNITY COMMISSION,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. WMN-01-2872 |
| | * | |
| **WARFIELD-ROHR CASKET** | * | |
| **COMPANY, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*  \*   \*   \*   \*   \*   \*

## WARFIELD-ROHR COMPANY, INC.'S OBJECTIONS
## TO EEOC'S PROPOSED EXHIBITS AND DEPOSITION DESIGNATIONS

Defendant, Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr"), objects to the following exhibits and deposition testimony designated by the EEOC:

**PROPOSED EXHIBIT 2:** (Mr. Kuehnl's Work Journals – copy not attached due to size of exhibit)

The EEOC has designated Mr. Kuehnl's handwritten work journals covering the period 1988 – 2000 as its proposed Exhibit 2. This is a voluminous document, several inches thick. While some portions of the journal are admissible (Defendant has designated the April 28th entry as its Exhibit 5), many portions will simply contain hearsay and will not be admissible. Defendant cannot respond without knowing which portions of these journals the EEOC intends to introduce into evidence, and reserves its right to object.

**PROPOSED EXHIBIT 3:** Portion of Interview of Howard Ayres (a copy of which is attached hereto as Exhibit A)

The EEOC is proposing to use a portion of an interview it conducted with Mr. Ayres during its investigatory stage as an Exhibit, presumably to attempt to contradict Mr. Ayres'

sworn testimony in his deposition. The EEOC attempts to mischaracterize a statement which is not contradictory. Moreover, Mr. Ayres' statement was not made under oath and is hearsay.

In his deposition, Mr. Ayres testified that he did not have a conversation with Mr. Kuehnl where he asked Mr. Kuehnl how old he was and when he was going to retire. (Exhibit B, attached hereto, pp. 341-343). The EEOC proposes using a response given by Mr. Ayres' during his interview with the EEOC to a muddled question which mixed statements purportedly made a few weeks prior to Mr. Kuehnl's termination, with statements purportedly made at the time of his termination:

> JN (EEOC Investigator)   Mr. Kuehnl allege that a few weeks prior to his discharge you had a conversation with him regarding his age and being too old in the position. What's your response to that?
>
> HA   I known for Mr. Kuehnl (inaudible) age, I didn't have to ask him how old he was... I know how old he is....he is completely (inaudible)... and I ... this is not about age.
>
> CH   I think you should also say whether or not you had a conversation with that?

Mr. Ayres responded: "I don't remember." Id. The question itself is not clear – and was later clarified, as discussed below. In addition, Mr. Ayres' response is not clear – it could mean that he did not remember <u>whether</u> he had such a conversation, or it could mean he did not remember ever asking such a question, i.e., it did not happen.

Indeed, Regina Andrew, counsel for the EEOC, was sufficiently confused by the way the question was posed and by Mr. Ayres' response that, later in the same interview, she asked the investigator to repeat the statement: The questioning went as follows:

> Andrew   When you said you couldn't remember whether you had conversation with Mr. Norris, Mr. Norris you

2

|   |   |
|---|---|
|   | had told him about a conversation that Mr. Kuehnl had related to us about what you said to him, can you read that back, because I wanted to --- wanted to ask him questions about that. |
| Norris | Yes, I was saying I think --- was that --- About 2 weeks prior to his termination, when notifying me about my termination, Mr. Ayres told me that I was being terminated because I was too old and making too much money --- I offered to take a cut in salary --- or reduce my work schedule to four days to save the company some money, but Mr. Ayres refused. I asked why Mr. Ayres was not terminating Mat Moore, the other casket trimmer, instead of me, and Mr. Ayres responded that Mat was younger, could work more years for the company, and needed the job. |
| Andrew | You were earlier asked --- whether you had remembered that conversation --- I think you said --- you don't remember that conversation --- do --- did you – |
| Ayres | Those conversations are two conversations here --- as far as I am concerned – |
| Andrew | Ok, do |
| Ayres | You said, you asked me earlier – |
| Andrew | Right. |
| Ayres | Weeks before. |
| Norris | Yes, he said that you had a conversation, --- actually --- I am sorry --- I --- you're correct --- About 2 weeks before my employment, Mr. Ayres asked me how old I was, and when I was planning to retire, at that time I was 56 years old, I told Mr. Ayres that I was not planning to retire until at least age 65. He implied, the company would have to do something about that --- That was 2 weeks prior --- |
| Andrew | Is that the conversation that you related to him? |
| Ayres | Yes, yes. |

3

      Andrew        And that's – the one you said you don't remember, if that occurred?

(Exhibit C, attached hereto, pp. 15-16).

    Once the question was clarified, Mr. Ayres responded:

      I don't think that occurred – that I know of – like I said, I know Mr. Kuehnl, I know how old he was – why should I ask him how old he was – ?

(See Exhibit C, attached hereto, p. 16)  This is consistent with his deposition testimony. Therefore, there is no evidentiary basis under which Proposed Exhibit 3 could be admitted. Moreover, this Exhibit should not be admitted because of the confusion in asking the question and the nature of the interview itself.  As the EEOC attorney Ms. Andrew stated during another portion of the interview, when Mr. Ayres asked Ms. Andrew to repeat a question:

      Well, it's not a deposition – I want us to feel comfortable here.

(Exhibit C, attached hereto, p. 17).

    The EEOC's proposed Exhibit 3 is irrelevant hearsay and should be excluded under Fed. R. Evid. 402 and 802.  Even if the statement were otherwise admissible, it has virtually no probative value and could only serve to confuse and/or prejudice the jury.  Therefore, it must be excluded under Fed. R. Evid. 403.

**PROPOSED EXHIBIT 5: (Expert Report of Dr. Tun – copy attached as Exhibit to Pretrial Order)**

    The EEOC is seeking to admit an expert report which contains assumptions beyond the expert's area of expertise.  In addition, certain of the calculations in the report are incorrect. Finally, the report calculates damages for "front pay" which is equitable relief which cannot be considered by the jury.  <u>Duke v. Uniroyal, Inc.</u>, 928 F.2d 1413, 1424-25 (4th Cir. 1991).  For all

4

of these reasons, Defendant objects to the admission of the report and reserves its right to make further objections after it has had the opportunity to cross-examine Dr. Tun at trial.

**PROPOSED EXHIBITS 6 and 13 (Attached hereto as Exhibit D)**

Defendant objects to the admission of EEOC's Proposed Exhibits 6 and 13. Proposed Exhibit 6 is the EEOC's determination letter dated July 12, 2001. Proposed Exhibit 13 is the EEOC's failure of conciliation letter dated August 28, 2001. These letters are hearsay, they have no probative value, and they merely contain the opinions of the EEOC concerning the ultimate issues to be decided by the jury and this Court. The statements of the EEOC in the July 12, 2001 letter concerning its belief that Warfield-Rohr discriminated against Mr. Kuehnl have no relevance and would be highly prejudicial to Defendant. Likewise, the fact that conciliation efforts were unsuccessful is also irrelevant and is potentially prejudicial.

When Defendant propounded interrogatories to the EEOC concerning its investigation in this matter, the EEOC refused to answer and objected by stating: "When the EEOC sues to enforce its findings of discrimination, the review is de novo. See EEOC v. General Electric Co., 532 F.2d 359, 367 n. 20a (4th Cir. 1976)." (Exhibit E). Therefore, based on the EEOC's own admissions, these letters are irrelevant. Accordingly, proposed Exhibits 6 and 13 should not be admitted under Fed. R. Evid. 402, 403, 701 and 802.

**Warfield-Rohr's Objections to the EEOC's Designations from the Deposition of Howard Ayres (Excerpts attached hereto as Exhibit F)**

    1)    P. 231 - L. 2-10

            Objection – The testimony is confusing, unduly prejudicial and inflammatory. Fed. R. Evid. 403.

2)     P. 233 – L. 15-17

        Objection – The testimony is irrelevant, unduly prejudicial and inflammatory. Fed. R. Evid. 402 and 403.

3)     P. 260 – L. 3-9

        Objection – The testimony is irrelevant, unduly prejudicial and inflammatory. Fed. R. Evid. 402 and 403.

Respectfully submitted,

   /s/ Charles S. Hirsch
Charles S. Hirsch
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland  21202-3268
(410) 528-5600

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of February, 2005 a copy of Warfield-Rohr Company, Inc.'s Objections to EEOC's Proposed Exhibits was delivered electronically to:

Regina M. Andrew, Esquire
Equal Employment Opportunity Commission
Baltimore District Office
10 South Howard Street
Third Floor
Baltimore, Maryland 21201

                                          /s/ Charles S. Hirsch
                                          Charles S. Hirsch

MD_DOCS_A #1251176 v1