**EXHIBIT D**

Case 1:01-cv-02872-WMN   Document 50-5   Filed 02/14/2005   Page 1 of 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Baltimore District Office

10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270
EEOC Web Site: www.eeoc.gov

Charge No. 120-A1-0484

Frederick W. Kuehnl
1413 Lincoln Woods Drive     **CHARGING PARTY**
Baltimore, Maryland 21228

Warfield-Rohr Casket Company, Inc.
901 W. Patapsco Avenue
Baltimore, Maryland 21230     **RESPONDENT**

### DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination on the merits of the subject charge filed under the Age Discrimination in Employment Act of 1967, as amended, (hereinafter referred to as ADEA).

Respondent is an employer within the meaning of ADEA and all jurisdictional requirements for coverage have been met.

Charging Party alleges that he was discharged due to his age. Charging Party began his employment with Respondent on January 4, 1971, in the position of Casket Trimmer. During his tenure with Respondent, Charging Party had been promoted to Trimming Department Foreman. His position duties included performing casket trimming, supervising department activities and employees, and training of new employees. On April 28, 2000, Charging Party was discharged from his position.

On April 14, 2000, Charging Party alleged he was engaged in a conversation with Respondent's company President. Charging Party asserts that he was questioned regarding his plans for retirement. Charging Party responded to the question by conveying that he planned to remain working until 65 years of age. At the time of this alleged conversation, Charging Party was 57 years of age. Respondent's President allegedly replied to Charging Party's response by saying "We'll have to see about that." On April 28, 2000, Charging Party states Respondent's President informed him that he was discharged effective immediately. Charging Party questioned Respondent about the reasons for his discharge. Charging Party states that he was told that there had been a decline in the volume of business and that he was "too old and makes too much money." In attempts to retain his position, Charging Party proposed several options

Charging Determination (cont.)
Charge No. 120-A1-0484
Page 2

that would allow him to retain his position while saving the company money. These options included a voluntary decrease in salary and a hours worked per week. Respondent declined both options proposed by Charging Party. Charging Party further questioned Respondent on their justification for discharging him while retaining a subordinate employee who was 22 years younger, had less seniority, and had been trained by the Charging Party. Charging Party alleged he was told the retained employee "could work more years for the company and needed the job."

Respondent denies the allegations that Charging Party was discharged due to his age. Respondent asserts that Charging Party was discharged due to deficient performance and the inability to get along with co-workers. Respondent was requested to provide evidence to support their position of unsatisfactory performance. Respondent contends they kept no personnel records that would provide documented support for their position. Testimonial evidence from the younger, retained employee indicates that he had conflicts with Charging Party; however, these conflicts were related to the supervisory-subordinate employee relationship only.

An analysis of the evidence indicates that Respondent does not articulate credible, legitimate, non-discriminatory reasons for discharging Charging Party. The evidence shows contradictions in Respondent's documentary and testimonial evidence, as well as specific notes written by Respondent indicating they could no longer afford to retain Charging Party.

Based on the analysis of evidence, I have determined that Respondent discriminated against Charging Party due to his age, regarding discharge in violation of ADEA.

Having determined that there is reasonable cause to believe that Respondent violated ADEA with regard to discharge based on age, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

Please notify the Commission within ten days of your willingness to engage in conciliation.

ON BEHALF OF THE COMMISSION:

JUL 1 2 2001
_____         _____
Date                                James L. Lee
                                    District Director

Charging Determination (cont.)
Charge No. 120-A1-0484
Page 3


cc: Charles S. Hirsch, Esq.
    Ballard, Sparh, Andrews and Ingersoll, LLP
    300 East Lombard Street, 19th Floor
    Baltiomore, Maryland 21202

    Maryann S. Cohea, Esq.
    Tydings and Rosenberg, LLP
    100 East Pratt Street
    Baltimore, Maryland 21202



AUG 28 2001

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Baltimore District Office

10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270
EEOC Web Site: www.eeoc.gov

Mr. Charles S. Hirsch, Esq.
Ballard, Spahr, Andrews and Ingersoll
300 East Lombard Street
19th Floor
Baltimore, Maryland 21202-33268

        Re:    Kuehnl  v  Warfield-Rohr Casket Company, Inc.
               Charge No.: 120-A1-0484

Dear Mr. Hirsch:

The Equal Employment Opportunity Commission (EEOC) has determined that efforts to conciliate this charge have been unsuccessful. This letter constitutes the required notice by Section 1601.25 of the EEOC's regulations, which provides that the EEOC shall notify a respondent in writing when it determines that further conciliation efforts would be futile or non-productive.

This case has been referred to this office's Legal Unit to determine whether EEOC will bring a civil action in Federal District Court. A determination should be forthcoming in the near future.

                          Sincerely,

AUG 28 2001
_____
Date

                          James L. Lee
                          District Director