**EXHIBIT E**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff ) | CIVIL ACTION NO. WMN-01-2872 |
| ) v. ) ) ) | |
| WARFIELD-ROHR CASKET COMPANY, INC.) ) | |
| Defendant ) ) | |

### EEOC'S OBJECTIONS AND ANSWERS TO DEFENDANT WARFIELD-ROHR CASKET COMPANY, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission" or "Plaintiff"), hereby asserts its objections and answers to Defendant's First Set of Interrogatories.

### GENERAL OBJECTIONS

**No. 1**

EEOC objects to, and does not agree to be bound by, the definitions and instructions contained in Defendant's First Set of Interrogatories to the extent that they exceed the bounds permitted by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**No. 2**

EEOC objects to each interrogatory to the extent that it seeks information contained in the investigative or governmental file pertaining to Charge No. 120-A1-0484, filed by Frederick W. Kuehnl, that is protected from disclosure by the governmental deliberative process privilege, attorney-client privilege and attorney-work product privilege. Said information is protected to

the extent that it contains the mental impressions, conclusions, opinions, or legal theories, advice or recommendations of EEOC's attorneys or other agents of the Commission concerning the charge or this litigation, or was relied upon by the agents of the Commission in making their recommendations or decisions regarding the charge or this litigation.

**<u>No. 3</u>**

EEOC objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and attorney work-product privilege on the grounds that said information is beyond the scope of discovery authorized by the Federal Rules of Civil Procedure. Information of this type include notes of conversations, correspondence or other forms of information reflecting or referring to any communications with potential witnesses, Charging Party, agents of EEOC, including but not limited to EEOC staff or persons retained by EEOC, the United States Attorney and its agents, and any other notes or memorandum generated after the issuance of EEOC's Letter of Determination. Included also is information reflecting the mental impressions, conclusions, opinions and legal theories of EEOC legal staff or the United States Attorney and its agents, and any documents generated by them or at their request in anticipation of litigation or during the course of this litigation.

**<u>No. 4</u>**

EEOC can only provide information currently in its possession. If information later come within its possession not otherwise privileged and which is relevant to the following document requests, EEOC will supplement its responses.

**The EEOC's general objections are hereby continuing and incorporated into any subsequent response to each interrogatory and any subsequent response made by EEOC to any interrogatory is made subject to and without waiver of these general objections.**

**INTERROGATORY NO. 1:** Describe in detail all facts which support your contention in Paragraph 7 of your Amended Complaint that Defendant violated Section 4 of the ADEA, 29 U.S.C. § 623(a)(1) by discharging Mr. Kuehnl.

**ANSWER TO INTERROGATORY NO. 1:** EEOC alleges Charging Party was discharged from his employment due to his age, 56. Charging Party began his employment with Defendant on January 4, 1971. Prior to his discharge, Charging Party had been employed, without a break in service, for a period of 29 years. Charging Party held the position of Casket Trimmer and Foreman. Charging Party's duties in the trimming department included sewing the inside lining of caskets, trimming wood to be installed in the casket to attach materials and foreman duties that included training and supervising staff. Charging Party states that on or about April 14, 2000, Mr. Howard Ayers asked him about his plans for retirement. Charging Party told Mr. Ayers that he planned to continue working for Defendant until at least age 65. Mr. Ayers replied, "We'll have to see about that." On or about April 28, 2000, Mr. Ayers told Charging Party that he was being terminated because he was "too old and made too much money." Charging Party attempted to discuss this decision with Mr. Ayers and proposed such options as taking less salary and decreasing his days at work. Charging Party states that Mr. Ayers dismissed these offers. Charging Party asked why he was chosen to be discharged, rather than a less senior co-worker, Matt Moore. Mr. Ayers replied, "Matt was younger, could work more years for the company and needed the job." At the time of Charging Party's discharge, Mr.

Moore was 35 years of age and had worked for Defendant for only three years. Charging Party trained Mr. Moore. Charging Party states he has never been disciplined for poor performance. To the contrary, Charging Party received raises and bonuses that reflected good performance.

**INTERROGATORY NO. 2**: Describe in detail all facts upon which you base your contention in Paragraph 9 of your Amended Complaint that the employment practices complained of in Paragraph 7 were "willful" within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 623(d).

**ANSWER TO INTERROGATORY NO. 2**: See Answer to Interrogatory No. 1.

**INTERROGATORY NO. 3**: Describe in detail all monetary damages which you are seeking and explain how all such damages have been calculated.

**ANSWER TO INTERROGATORY NO. 3**: EEOC is seeking back pay, front pay, liquidated damages, and interest. At this time, damages have not been calculated. With the assistance of its damages expert, EEOC is in the process of computing monetary damages.

**INTERROGATORY NO. 4**: Identify all statements, whether oral or in writing, which you contend constitutes an admission by Defendant, and/or any of its employees or agents, including in your answer the form of such statement (i.e., either oral or written), the date such statement was made, by whom it was made, to whom it was made, and anyone else present when the statement was made.

**ANSWER TO INTERROGATORY NO. 4**: See Answer to Interrogatory No. 1. Defendant produced 3 pages of hand-written notes authored by Mr. Ayers (Defendant document nos. WR000051- WR000053) bearing his statement with regard to the Charging Party that, "can't afford you." In addition, the State of Maryland Office of Unemployment Insurance record

(Defendant document no. WR000076) bears "Lack of Work/Reduction in Force" as the reason for separation of Frederick W. Kuehnl.

**INTERROGATORY NO. 5**: Identify all persons who may have information or knowledge which is relevant to the subject matter of this lawsuit and describe the information which each such person has.

**ANSWER TO INTERROGATORY NO. 5**: See Defendant's Answer to EEOC's First Set of Interrogatories, Interrogatory No. 6. In addition, the following persons have information or knowledge which is relevant to the subject matter of this lawsuit: EEOC Investigator James Norris interviewed Michael Eisenhardt, Howard Ayres, Elizabeth Skenderovic, and Matthew Moore; Charging Party, Frederick W. Kuehnl.

**INTERROGATORY NO. 6**: Identify each person whom you expect to call as an expert witness in this case, the area of expertise for each such witness and the substance of each such witness's expert opinions.

**ANSWER TO INTERROGATORY NO. 6**: Pursuant to Rule 26(a) (2) disclosure re: experts, Plaintiff EEOC identifies Sovan Tun as an expert regarding damages as set forth in EEOC's Complaint prayer for relief (paragraphs C and D) for Mr. Frederick Kuehnl.

**INTERROGATORY NO. 7**: Identify all persons who were either contacted in connection with answering these interrogatories or supplied information upon which the answers to these interrogatories are based.

**ANSWER TO INTERROGATORY NO. 7**: See Answer to Interrogatory No. 5.

**INTERROGATORY NO. 8**: Identify all documents which were shown and/or provided to you by, or received from, Mr. Kuehnl or anyone else in connection with this case or

the investigation conducted by the EEOC.

**ANSWER TO INTERROGATORY NO. 8**: Charging Party's initial questionnaire, Charging Party's Affidavit; Interview notes of investigative interviews with Charging Party, Michael Eisenhardt, and witnesses provided by Defendant for interview, Defendant's Position Statement, Personnel Files, State of Maryland's Department of Labor and Licensing records, and State of Maryland Office of Unemployment Insurance records.

**INTERROGATORY NO. 9**: Identify all efforts which were made by the EEOC to investigate Mr. Kuehnl's charge of discrimination, including in your answer the identity of all persons contacted and all information obtained during the course of the investigation.

**ANSWER TO INTERROGATORY NO. 9**: EEOC objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information. When the EEOC sues to enforce its findings of discrimination, the review is de novo. See EEOC v. General Electric Co., 532 F.2d 359, 367 n 20a (4th Cir. 1976).

**INTERROGATORY NO. 10**: Identify all persons that the EEOC attempted to contact, but was unable to contact, during the course of your investigation of Mr. Kuehnl's charge of discrimination.

**ANSWER TO INTERROGATORY NO. 10**: See Answer to Interrogatory No. 9.

**INTERROGATORY NO. 11**: Identify all evidence which you contend "shows contradictions in Respondent's documentary and testimonial evidence" as alleged in the EEOC's Determination in this matter.

**ANSWER TO INTERROGATORY NO. 11**: See Answer to Interrogatory Nos. 4 and 9.

I declare under penalty of perjury that the interrogatory answers set forth above are true and correct statements, based on information available to the EEOC.

Dated: 2/25/02              /s/ Regina Andrew
                            Regina Andrew

Signed as to form and objections:

Dated: 2/25/02

                Respectfully submitted,

                GWENDOLYN YOUNG REAMS
                Associate General Counsel
                For Field Litigation

                GERALD S. KIEL
                Regional Attorney

                STEPHEN P. O'ROURKE
                Supervisory Trial Attorney

                /s/ Regina Andrew
                REGINA ANDREW
                Trial Attorney

                EQUAL EMPLOYMENT OPPORTUNITY
                 COMMISSION
                Baltimore District Office
                10 S. Howard Street, 3rd Floor
                Baltimore, Maryland 21201
                (410) 962-4220

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of EEOC's Objections and Answers to Defendant Warfield-Rohr Casket Company, Inc.'s First Set of Interrogatories was mailed this 25th day of February, 2002 by first class postage pre-paid to the following counsel of record:

Charles S. Hirsch, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 19th Floor
Baltimore, Maryland 21201

*Regina M. Andrew*
Regina M. Andrew
Trial Attorney