IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION**, | \*<br>\*<br>\* | |
| Plaintiff, | \*<br>\* | |
| v. | \* | Civil Action No. WMN-01-2872 |
| **WARFIELD-ROHR CASKET**<br>**COMPANY, INC.**, | \*<br>\*<br>\*<br>\* | |
| Defendant. | \*<br>\* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT WARFIELD-ROHR COMPANY, INC.'S RESPONSE TO THE EEOC'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS OF HOWARD AYRES

Defendant, Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr"), submits the following responses to the objections raised by the EEOC to the following passages from the Deposition of Howard Ayres in the Pretrial Order and states as follows:

As discussed at the Pretrial Conference, Mr. Ayres is the person who terminated Mr. Kuehnl's employment and the person who purportedly discriminated against Mr. Kuehnl. Mr. Ayres has passed away. As a result, Defendant's key witness will have to testify through his deposition.

Preliminarily, the objections raised by the EEOC are unfounded because all of the testimony at issue was made in response to questions asked by the EEOC. The EEOC failed to note any objection or ask that any testimony be stricken during the deposition.

At the Pretrial Conference, the EEOC agreed to provide the Court with the pages of Mr. Ayres' Deposition Transcript to which it was objecting. Defendant's response to the EEOC's specific objections are as follows:

1.  P. 85 – L. 20-21
    P. 86 – L. 1-11
    P. 86 – L. 19-21
    P. 87    L 1-5
    P. 87 – L. 11-21
    P. 88 – entire page
    P. 89 – L. 1-9

The above-listed passages relate to Mr. Ayres' testimony that Michael Eisenhardt quit Warfield-Rohr because of the manner in which Mr. Kuehnl treated him. The testimony also relates to what Mr. Eisenhardt told Mr. Ayres about how Mr. Kuehnl treated him. Warfield-Rohr is not attempting to use this testimony to establish why Mr. Eisenhardt left Warfield-Rohr or how he was treated by Mr. Kuehnl -- Mr. Eisenhardt will testify himself. Instead, the foregoing testimony is being submitted to show what Mr. Ayres understood about why Mr. Eisenhardt quit and how Mr. Kuehnl treated him. Mr. Ayres' knowledge and state of mind is clearly relevant to show why he eventually terminated Mr. Kuehnl's employment.

2.  P. 89 – L. 21-22

This statement deals with whether Mr. Ayres talked to Mr. Kuehnl about Mr. Eisenhardt's complaints, which is relevant in showing that Mr. Ayres was justified in terminating Mr. Kuehnl's employment.

3.  P. 95 – L. 13-16
    P. 95 – L. 17-21
    P. 96 – L. 1-18

These passages also deal with Mr. Kuehnl's treatment of Warfield-Rohr employees and are relevant for the same reasons listed above.

  **4.**  **P. 116 – L. 18-21**
     **P. 117 – L. 1-7**

This passage describes Mr. Ayres' health during the period when his relationship deteriorated with Mr. Kuehnl and is relevant for understanding the circumstances leading up to Mr. Kuehnl's termination.

  **5.**  **P. 120 – L. 19-21**
     **P. 121 – L. 1-15**

This passage deals directly with Mr. Kuehnl's work performance which is obviously relevant. Some of the testimony is based on personal knowledge. The remainder of the testimony is relevant to show Mr. Ayres' knowledge of Mr. Kuehnl's work performance and his state of mind prior to Mr. Kuehnl's termination.

  **6.**  **P. 127 – L. 5-13**

This testimony shows the frequency with which Mr. Ayres visited the trimming room where Mr. Kuehnl worked. The testimony is based on his personal knowledge.

  **7.**  **P. 132 – L. 20 --- P. 133 – L. 13**

This testimony is not speculative and shows Mr. Ayres' best recollection concerning whether he ever offered to pay Mr. Kuehnl for upholstery work Mr. Kuehnl performed for Mr. Ayres.

  **8.**  **P. 168 – L. 1 --- P. 171 – L. 9**
     **P. 174 – L. 20-21**
     **P. 175 – L. 1-10**

In these passages, Mr. Ayres identifies the handwritten notes that he prepared and utilized when he terminated Mr. Kuehnl's employment. The identification of the notes and the

3

explanation of how and why they were prepared are critical for the admission of Mr. Ayres' notes as an exhibit.

      9.    P. 177 – L. 20-21
             P. 178 – L. 1-4

The discussion between counsel is an important clarification of the testimony.

      10.   P. 178 – L. 15-21
             P. 179 – L. 1-2

This passage is an explanation of Mr. Ayres' notes and why Mr. Kuehnl was terminated, and is obviously relevant.

      11.   P. 183 – L. 21-184 L. 3

This testimony is necessary for the clarity of other testimony.

      12.   P. 187 – L. 18 - P. 188 - L. 1

This passage deals with other cost cutting measures Warfield-Rohr took as a result of its financial difficulties, which is one of the justifications for Mr. Kuehnl's termination.

      13.   P. 191 – L. 18 - 21
             P. 192 – L. 1 - 5
             P. 192 – L. 6 - 19
             P. 192 – L. 20 - 21
             P. 193 – L. 1 - 21
             P. 194 – L. 1 - 5
             P. 194 – L. 1 - 17
             P. 205 – L. 3 - 12

All of these passages relate to Mr. Ayres' explanation of his notes that he prepared and utilized in terminating Mr. Kuehnl's employment. The notes themselves corroborate Warfield-Rohr's version of the facts, and contradict the EEOC's version of the facts. The testimony is also an explanation of what Mr. Ayres told Mr. Kuehnl when he terminated his employment, which is the linchpin of the EEOC's case.

   **14.**  **P. 207 – L. 15 – 18**
       **P. 207 – L. 19 – 21**
       **P. 208 – L. 1 – 14**

These passages relate to complaints by the employees in the trimming room concerning Mr. Kuehnl. This testimony is not being offered for the truth of the matters asserted. These employees will testify. Instead, the testimony is being offered to show Mr. Ayres' knowledge of their complaints and his state of mind when he terminated Mr. Kuehnl's employment.

   **15.**  **P. 208 – L. 15 – 18**
       **P. 211 – L. 9 – 11**
       **P. 213 – L. 16 – 17**

These are questions of counsel for the EEOC and the subject matter is clearly relevant as it discusses Mr. Ayres' notes.

   **16.**  **P. 215 – L. 11 – 18**

This is a further discussion of Mr. Ayres' notes.

   **17.**  **P. 231 – L. 18 – P. 232 – L. 9**

This discussion is necessary for the clarity of the testimony.

   **18.**  **P. 235 – L. 3 - 6**

This statement shows Mr. Ayres' knowledge of the fact that the other two employees in the trimming room were contemplating quitting because of Mr. Kuehnl and Mr. Ayres' state of mind when he terminated Mr. Kuehnl's employment. This testimony is not being submitted for the truth of the matter asserted. The two employees referred to will testify that they were contemplating quitting.

MD_DOCS_A #1251233 v1

      **19.**    **P. 291 – L. 10 - 20**

This is a further explanation of Mr. Ayres' notes and what Mr. Ayres told Mr. Kuehnl when he terminated his employment.

                                                  Respectfully submitted,

                                                  ___/s/ Charles S. Hirsch_____
                                                  Charles S. Hirsch
                                                  Ballard Spahr Andrews & Ingersoll, LLP
                                                  300 E. Lombard Street, 18th Floor
                                                  Baltimore, Maryland  21202-3268
                                                  (410) 528-5600

                                                  Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2005 a copy of Defendant Warfield-Rohr Casket Company, Inc.'s Response to the EEOC's Objections to Defendant's Deposition Designations of Howard Ayres was delivered electronically to:

>Regina M. Andrew, Esquire
>Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street
>Third Floor
>Baltimore, Maryland 21201

>/s/ Charles S. Hirsch_____
>Charles S. Hirsch

MD_DOCS_A #1251233 v1