IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * |
| Plaintiff, | * * Civil Action No. WMN-01-2872 |
| v. | * * |
| WARFIELD-ROHR CASKET COMPANY, INC. | * * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \*\* \* \* \* \* \*

### DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO DESIGNATED EXHIBITS

Defendant Warfield-Rohr Casket Company ("Warfield-Rohr"), by its attorneys and pursuant to agreement at the Pre-Trial Conference, hereby responds to the objections of Plaintiff, the Equal Employment Opportunity Commission (the "EEOC") to exhibits designated by Warfield-Rohr for use at the pending trial in the above-captioned matter, as follows:

1.  Howard Ayres Handwritten Notes – Ayres Deposition Exhibit 10.

Warfield-Rohr has designated for admission at trial the handwritten notes of Howard Ayres, former President of Warfield-Rohr. Mr. Ayres' handwritten notes are attached hereto as Exhibit 1. Mr. Ayres' handwritten notes provide written corroboration of Warfield-Rohr's version of the facts and directly contradict the EEOC's claim. The EEOC objects to Mr. Ayres' handwritten notes on the grounds of authenticity and hearsay.

Mr. Ayres' handwritten notes are admissible at trial. The EEOC first objects to the admission of Mr. Ayres' handwritten notes on the ground of authenticity, presumably because Mr. Ayres is now deceased and will not be able to testify at trial about the authenticity

of the notes. However, Mr. Ayres testified during his deposition in this matter, under oath, that he personally wrote the notes and that they are what they appear to be. Under questioning from the EEOC's attorney, Mr. Ayres testified at his deposition as follows:

> Q: Okay. So it's a copy of the original notes that you took when you let Mr. Kuehnl go; is that correct?
>
> A: It's a copy of the notes I prepared prior to meeting with Mr. Kuehnl and I used in presentation when I terminated him.

Transcript of March 21, 2002 deposition of William Howard Ayres, at 168, attached hereto as Exhibit 2. Mr. Ayres' deposition testimony is admissible at trial pursuant to Federal Rule of Evidence 804(b)(1) because Mr. Ayres is an unavailable witness as a result of his death. Accordingly, there is no question that the notes are authentic, and that the EEOC's objection should be overruled.

The EEOC also objects to Mr. Ayres' notes on the grounds that they are hearsay. Mr. Ayres' notes are not hearsay because they are a prior consistent statement pursuant to Federal Rule of Evidence 801(d)(1)(B). The EEOC will imply that Mr. Ayres' deposition testimony that he did not make any statements about Mr. Kuehnl's age was fabricated, and Mr. Ayres' notes are consistent with that testimony.[1] However, even if Mr. Ayres' notes constitute hearsay, they meet several exceptions to the hearsay rule. First, Mr. Ayres' notes are a record of regularly conducted business activity pursuant to Federal Rule of Evidence 803(6). Mr. Ayres testified in his deposition under oath that it was his regular practice to make notes in preparation for all of his meetings to counsel or reprimand employees.

> Q: Okay. Was it your practice then to keep notes of what you were going to say to a person before you terminated them?

---

[1] Mr. Ayres will testify at trial via deposition, and the EEOC conducted a lengthy cross-examination of Mr. Ayres concerning the notes at that deposition.

2

>   A:   It was my practice to keep notes on any time I was going to do a presentation to anybody.

Exhibit 2 at 172. As such, Mr. Ayres notes are admissible pursuant to Rule 803(6) of the Federal Rules of Civil Procedure as a business record.

Second, Mr. Ayres' handwritten notes are a statement of his then existing state of mind, plan, and motive. The notes were made immediately prior to the termination of Mr. Kuehnl in order to serve as an outline for the termination. Exhibit 2 at 168. Accordingly, they are excepted from the hearsay rule by Federal Rule of Evidence 803(3). Finally, if the Court finds that the foregoing exceptions do not apply, then Mr. Ayres' notes should be excepted from the hearsay rule by the residual exception, Federal Rule of Evidence 807. The notes were provided to the EEOC during its investigation and were authenticated by Mr. Ayres at his deposition. Mr. Ayres was subject to lengthy cross-examination concerning his notes at his deposition. There is no evidence that the notes are not trustworthy, as it was Mr. Ayres' standard practice to prepare notes in such a situation, and Mr. Kuehnl admitted in his deposition that Mr. Ayres used notes when he terminated his employment. The notes are evidence of a material fact, (i.e., that Mr. Kuehnl's age was not a given reason for his termination), are the most probative evidence corroborating Warfield-Rohr's version of the facts, and justice will best be served by the admission of the notes. Accordingly, the EEOC's objections should be overruled.

>   2.   Kuehnl Handwritten Notes from 4/28/00

Warfield-Rohr also seeks to admit into evidence the handwritten notes of Frederick Kuehnl from April 28, 2000. Mr. Kuehnl's notes are attached hereto as Exhibit 3. The EEOC objects to the admissibility of Mr. Kuehnl's notes on the grounds of authenticity and hearsay, in spite of the fact that the EEOC indicated on its exhibit list that it intends to introduce into evidence the very same notes.

3

The EEOC's objection on the ground of authenticity should be overruled because Mr. Kuehnl has already authenticated the notes in his deposition testimony. Specifically, Mr. Kuehnl testified that he personally authored the notes immediately after his termination.

> Q:	Is this the final journal entry for the final series of journal entries?
>
> A:	Yes, the day before. I mean, the day of my termination.
>
> Q:	And the note underneath, 4/28/2000, is what you wrote about your meeting with Mr. Ayres, once he terminated you?
>
> A:	Yes.

Transcript of May 16, 2002 deposition of Frederick W. Kuehnl, at 315-16, attached hereto as Exhibit 4. Accordingly, there is no question as to the authenticity of the notes, and the EEOC's objection should be overruled.

The EEOC's objection that Mr. Kuehnl's notes are hearsay should also be overruled. Mr. Kuehnl's notes do not qualify as hearsay because they are an admission by a party opponent pursuant to Federal Rule of Evidence 801(d). Mr. Kuehnl is the real party in interest in this action because the EEOC brought this action on Mr. Kuehnl's behalf. His notes will be offered against him and are his own admitted statement. Accordingly, Mr. Kuehnl's notes are not hearsay in accordance with Rule 801(d)(2). Furthermore, even if Mr. Kuehnl's notes are hearsay, they meet an exception as a present-sense impression pursuant to Federal Rule of Evidence 803(1). Mr. Kuehnl's notes constitute a present-sense impression because they are a statement describing his termination made immediately thereafter. Exhibit 4 at 315-16. Accordingly, the EEOC's objections should be overruled.

3.	Letter dated October 13, 2000 from Marianne Cohea to W. Howard Ayres.

Warfield-Rohr also intends to introduce into evidence at trial the October 13,

MD_DOCS_A #1251237 v1

2000 letter from Mr. Kuehnl's attorney, Marianne Cohea, to Howard Ayres. A copy of the letter is attached hereto as <u>Exhibit 5</u>. The EEOC objects to the admission of the letter on the grounds that it is an offer of settlement under Federal Rule of Evidence 408 and that it is hearsay.

The letter from Marianne Cohea to Howard Ayres is admissible at trial. The letter is not a compromise or offer to compromise under Federal Rule of Evidence 408. A plain reading of the letter indicates that it merely states Mr. Kuehnl's recollection of his termination, and requests documents from Warfield-Rohr. The letter clearly does not include <u>any</u> offer of compromise or settlement. Accordingly, the letter is admissible.

The EEOC's hearsay objection should also be overruled. The letter is not hearsay because it is an admission by a party opponent pursuant to Federal Rule of Evidence 801(2). The statement will be offered against Mr. Kuehnl and is "a statement by a person authorized by the party to make a statement concerning the subject." Accordingly, the letter is not hearsay and is admissible at trial.

    4. <u>Memo from W. Howard Ayres dated November 26, 1999</u>.

Warfield-Rohr also intends to introduce into evidence at trial the Memo from Howard Ayres dated November 26, 1999. A copy of the memo is attached hereto as <u>Exhibit 6</u>. The EEOC objects to the admission of the memo on the ground that the memo is hearsay.

The memo is admissible at trial. The memo is a business record and is excepted from the hearsay rule. The memorandum was created by Howard Ayres, the President of Warfield-Rohr, to communicate to the employees of Warfield-Rohr a change in the company's vacation policy.

> Q: Looking at the exhibit that I put in front of you that's Exhibit 12, can you tell me what that is, please?
>
> A: It's a letter that was sent to all employees on November 26th, 1999 telling them that vacations could not be carried

> over anymore, that they had to take the vacation the calendar year from May the 1st to September 30th.
>
> Q: Did you issue that memorandum?
>
> A: Yes. This is from me.

Exhibit 2 at 267. Furthermore, Mr. Kuehnl admits that he received the memorandum, and that it was the manner in which Mr. Ayres first communicated the new vacation policy.

> Q: I show you what has been previously marked as Mr. Ayres' Deposition Exhibit Number 12. Have you ever seen this memorandum before?
>
> A: Yes, this was given to me.
>
> Q: On or about November 26, 1999?
>
> A: Yes.
>
> Q. Was this the first time that you learned of the company's policy about vacations?
>
> A. Yes.

Exhibit 4 at 35-36. Accordingly, the memorandum is a record of regularly conducted activity and is admissible pursuant to Federal Rule of Evidence 803(6).

For the reasons stated herein, the objections of the EEOC to the documents identified by Warfield-Rohr on its exhibit list should be overruled.

Respectfully submitted,

_/s/ Charles S. Hirsch_
Charles S. Hirsch
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202-3268
(410) 528-5600

Attorney for Defendant

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2005 a copy of Defendant's Responses to Plaintiff's Objections to Designated Exhibits was delivered electronically to:

> Regina M. Andrew, Esquire
> Equal Employment Opportunity Commission
> Baltimore District Office
> 10 South Howard Street
> Third Floor
> Baltimore, Maryland 21201

>> /s/ Charles S. Hirsch
>> Charles S. Hirsch