IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. WMN-01-2872 |
| WARFIELD-ROHR CASKET COMPANY, INC., | * * * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT WARFIELD-ROHR COMPANY, INC.'S OPPOSITION TO THE EEOC'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

Defendant, Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr), submits this Opposition to the Motion in Limine filed by the EEOC to exclude the testimony of certain witnesses and states as follows:

The EEOC has objected to three potential witnesses identified by Warfield-Rohr in the Pretrial Order: Marsha Ayres, Karl Silex, and George Taylor. As discussed below, the EEOC has known about these witnesses and will not be prejudiced by their testimony.

I.   Marsha Ayres

Mrs. Ayres is the widow of Howard Ayres, former chairman of Warfield-Rohr. As a result of Mr. Ayres' death, Mrs. Ayres is the sole owner of the majority interest in Warfield-Rohr. Mr. Ayres testified in his deposition that he owned the majority of the stock of the company with Mrs. Ayres, and that the business was originally owned by Mrs. Ayres' family. The need for Mrs. Ayres' testimony arose because of the passing of Mr. Ayres. Warfield-Rohr anticipates that her testimony will be limited to the background and history of the company.

Realizing that the EEOC cannot possibly be prejudiced by the testimony of Mrs. Ayres, despite the fact that she was not originally listed in Defendant's Answers to Interrogatories, the EEOC filed a second Motion in Limine to exclude Mrs. Ayres' testimony. In its second Motion in Limine, the EEOC argues that it will be prejudiced by Mrs. Ayres' testimony because the jury will feel sympathy for her. The EEOC's argument is nonsense. The jury will know of Mr. Ayres' death whether Mrs. Ayres testifies or not. Warfield-Rohr is entitled to have its owner testify concerning its background and history.

II.   Karl Silex

Mr. Silex is Warfield-Rohr's accountant. Mr. Silex participated in meetings with Mr. Ayres in late 1999/early 2000 concerning the financial condition of the company and the need for Warfield-Rohr to reduce its costs. Mr. Ayres testified about these conversations in his deposition on March 21, 2002, and identified Mr. Silex by name. Because Mr. Ayres will not be able to testify at trial, Warfield-Rohr would like to be able to call Mr. Silex, if it deems it necessary, concerning Warfield-Rohr's need to cut costs in 2000.

III.   George Taylor

Mr. Taylor works for the company that administers Warfield-Rohr's pension plan. One of the elements of damage being claimed by the EEOC is the differential in pension benefits which Mr. Kuehnl would have received had he retired from Warfield-Rohr at age 65 and the pension benefits he actually received after his employment was terminated. Warfield-Rohr provided Mr. Taylor's calculations concerning this differential to the EEOC, at the EEOC's request, during the course of the litigation. Accordingly, the EEOC will not be prejudiced by Mr. Taylor testifying on this issue.

IV.  Legal Analysis

It is well established that the Court has discretion to permit witnesses to testify although they were not previously identified in answers to interrogatories.  See, e.g., Wembley v. Diplomat Tie Company, 216 F. Supp. 565, 572-74 (D. Md. 1963); Pepco v. Electric Motor Supply, Inc., 190 F.R.D. 372, 377 (D. Md. 1999).  This is true even where an expert witness was not identified in the pretrial order.  Clark v. Newport News Shipbuilding and Dry Dock Company, 937 F.2d 934, 940 (4th Cir. 1991).

In exercising its discretion, the Court must balance the relative prejudice to the parties.  Wembley, supra at 574.  Here, as described above, the EEOC will not be prejudiced by the testimony of the proposed witnesses.  Mrs. Ayres' testimony will be limited to the background and history of Warfield-Rohr; Mr. Silex and Mr. Taylor will testify about information already disclosed to the EEOC.  Therefore, the Court should deny the EEOC's Motions in Limine and permit these witnesses to testify.

Respectfully submitted,

_____/s/ Charles S. Hirsch_____
Charles S. Hirsch
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland  21202-3268
(410) 528-5600

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2005 a copy of Warfield-Rohr Company, Inc.'s Objections to EEOC's Proposed Exhibits was delivered electronically to:

Regina M. Andrew, Esquire
Equal Employment Opportunity Commission
Baltimore District Office
10 South Howard Street
Third Floor
Baltimore, Maryland 21201


   /s/ Charles S. Hirsch_____
Charles S. Hirsch

MD_DOCS_A #1251343 v1