IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO.  WMN-01-2872 |
| v. | ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) |
| Defendant. | ) ) ) ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSES
TO PLAINTIFF'S OBJECTIONS TO DESIGNATED EXHIBITS**

Defendant's proposed exhibit 3 – Mr. Ayres' self-serving written notes – are pure hearsay and therefore inadmissible.  While the Commission does not question the fact that Mr. Ayres himself prepared this document, the Commission nevertheless questions its authenticity – its alleged creation in preparation for Mr. Ayres' termination. That the document is pure hearsay, along with the strong likelihood that it was prepared once Mr. Kuehnl charged the company with age discrimination, warrant its exclusion from evidence.[1] The Commission emphasizes that it would assert this objection to admissibility, whether or not Mr. Ayres was deceased.

This document squarely falls within the hearsay definition of Rule 801(c). That Defendant likens this document to regularly conducted business activity does not make it so. The accused discriminator's self-serving notes simply are not the regularly conducted business

---

[1] Early into the investigation, the Commission sought notes from Mr. Ayres which he claimed documented the reasons for Mr. Kuehnl's termination. Defendant refused to produce them until a later time. This oral exchange is recorded on the same tape wherein Mr. Ayres claimed that he could not recall whether he told Mr. Kuehnl that he was too old for his job.

activity contemplated by Rule 803(6). The Advisory Committee Notes to this Rule caution the introduction of hearsay when the motivation of the informant is at issue. In the seminal case, <u>Palmer v. Hoffman</u>, 318 U.S. 109 (1943), the Supreme Court upheld the exclusion of an accident report made by the since deceased railroad engineer. The report was not "in the regular course of business," nor a record of the systematic conduct of the business as a business. The report was prepared for use in litigating, not railroading. How regularly conducted business activity of the casket company includes the termination of a long-term employee cannot be adequately explained. The admission of this document under this exception legally is unsupported.

So too, admitting this hearsay under 804(b)(1) would be error. Though it is undisputed that Mr. Ayres is deceased, that is the extent to which the declarant's hearsay statement meets the criteria of this provision. The alleged discriminator's handwritten notes simply is not testimony. Accordingly, this hearsay evidence is not rendered admissible by this provision.

Nor are the alleged discriminator's handwritten notes a prior consistent statement under Rule 801(d)(1)(B). This exception to the hearsay rule presumes that the prior consistent statement is what it purports to be – a statement created before there was an accusation of recent fabrication or improper influence or motive. Because the circumstances surrounding the preparation of these notes are highly suspect, despite Defendant's protestations to the contrary, the Commission cannot stipulate that they were prepared prior to the allegations of age discrimination.

These handwritten self-serving notes also lack any mention of "then existing mental, emotional, or physical condition[s]", as contemplated under Rule 803(3). These exception is derived from the case of <u>Mutual Life Ins Co. of New York v. Hillmon</u>, 145 U.S. 285 (1892). That

case concerned the question of whether a dead body found at a certain place was that of a particular individual who is missing, and the evidence as to its identity was contradictory. The court allowed the introduction of letters written by the missing individual to his sister a few days earlier, stating that he was going to the place where the body was afterwards found. The court made clear that the letters were not made in the ordinary course of business, but as a showing of his intentions, and as tending to corroborate the evidence that it was his body that was found. Importantly, there was no dispute as to the authenticity of the letters through the envelopes and the postmarks, purporting to show when and from where they were sent. Here again, the creation of these self-serving notes are highly suspect. While Defendant purports to argue that Mr. Ayres' acted in accordance with the contents of this out-of-court statement, the Commission equally can argue that this out-of-court statement simply is a cover up for the allegations against him. The present facts and those in <u>Hillmon</u> are remarkably distinct.

Because these notes are inadmissible, any reference to these notes similarly is inadmissible (and thereby irrelevant). Accordingly, the Commission sets forth below Defendant's proposed deposition designations pertaining to the alleged discriminator's handwritten self-serving notes, and requests that its objections to these designations be sustained:

18. Page 168, line 1 - Page 171, line 9: irrelevant

19. Page 174, lines 20 -21: irrelevant, hearsay

20. Page 175, lines 1 -10: irrelevant hearsay

23. Page 178, lines 15 - 21: hearsay, irrelevant

24. Page 179, lines 1-2: hearsay

25. Page 183, lines 21 - 184, line 3: hearsay, irrelevant

27. Page 191, lines 18- 21: hearsay, irrelevant

28. Page 192, lines 1- 5: hearsay

30. Page 192, lines 20 -21: hearsay

31. Page 193, lines 1 - 21: double hearsay

32. Page 194, lines 1 -5: hearsay

33. Page 194, lines 1- 17: double hearsay

34. Page 205, lines 3 - 12: hearsay

## Conclusion

For the reasons discussed above, the Commission respectfully requests that the self-serving notes of the alleged discriminator be excluded from evidence.

Respectfully submitted,

GERALD S. KIEL
Regional Attorney


DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____/s/_____
REGINA M. ANDREW
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Tel.: (410) 962-4220