IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. WMN-01-2872 |
| v. | ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Findings of Fact

1. Front pay, from March 1, 2005, the anticipated date of a jury verdict, through the end of August, 2008, when Frederick Kuehnl turns age 65, will be calculated similarly to back pay, in that all of his anticipated earnings from the company and all his interim earnings are projected through the next three years and then discounted to present dollar value.

### Conclusions of Law

1. All conditions precedent to the institution of this lawsuit have been fulfilled.

2. Based on the jury's finding of a willful violation of the ADEA, liquidated damages are available to the claimant, which amounts to double the back pay amount. 29 U.S.C. §626(a) and (b), which incorporates 29 U.S.C. §216(b).

3. Under the ADEA, make-whole relief for the victim of discrimination includes all appropriate legal or equitable relief, including an award of reinstatement and/or front pay.

Albemarle Paper Company v. Moody, 422 U.S. 405, 416 (1975), 29 U.S.C. §626(b).

4.     An award of reinstatement is inappropriate, however, when "a productive and amicable working relationship would be impossible." Duke v. Uniroyal, Inc., 928 F.2d 1413, 1423 (4th Cir.), cert. denied, 502 U.S. 963 (1991), citing EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1172 (10th Cir.), cert. denied, 474 U.S. 946 (1985), or when the litigation itself has created such animosity between the parties that any potential employer-employee relationship has been irreparably damaged. Duke v. Uniroyal, Inc., 928 F.2d at 1423.

5.     When the working relationship between a former employer and employee has deteriorated to a point where reinstatement is not feasible, an award of front pay is an available alternative remedy, which assists the victim of discrimination in being restored to the financial position she would have occupied but for the discrimination. Duke v. Uniroyal, Inc., 928 F.2d at 1423.

6.     Under section 7 of the ADEA, 29 U.S.C § 626(b), which incorporates section 217 of the Fair Labor Standards Act of 1938, as amended, the Court has the authority to enjoin the employer from further violating the provisions of the ADEA. Based on the jury's finding of discrimination, the Court permanently will enjoin Defendant from any further age discrimination against its employees.

7.     Upon a finding of discrimination, the Court is empowered to require Defendant to post an appropriate Notice to Employees, outlining the steps Defendant plans to take in order to ensure further compliance with the ADEA. EEOC v. Corinth, Inc., 824 F. Supp. 1302, 1312-13 (N.D. Ind. 1993); EEOC v. FLC & Bros. Rebel, Inc., 663 F. Supp. 864, 871 (W.D. Va. 1987), aff'd., 846 F.2d 70 (4th Cir. 1988). The Court will order Defendant to post copies of the Notice,

attached hereto as Attachment A, throughout Defendant's facility, where Notices to Employees customarily are posted.

                Respectfully submitted,

                GERALD S. KIEL
                Regional Attorney

                DEBRA M. LAWRENCE
                Supervisory Trial Attorney

                _____
                REGINA M. ANDREW
                Trial Attorney
                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                Baltimore District Office
                10 S. Howard Street, 3rd Floor
                Baltimore, Maryland 21201
                Tel.: (410) 962-4220



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

This Notice is being posted as part of an agreement between the Equal Employment Opportunity Commission (EEOC), and Warfield-Rohr Casket Company, Inc.

Under Section 4(a) of the Age Discrimination in Employment Act of 1967, as amended (ADEA), it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a).

Under Section 4(d) of the ADEA it is unlawful for an employer "to discriminate against any of his employees or applicants for employment... because such individual... has opposed any practice made unlawful by this section." 29 U.S.C. § 623(d).

Therefore, in accordance with the applicable law:

WARFIELD-ROHR CASKET COMPANY, INC. WILL NOT engage in any acts or practices made unlawful by the above sections.

WARFIELD-ROHR CASKET COMPANY, INC. WILL NOT retaliate against employees for complaining about discrimination.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may seek assistance from the EEOC. Office locations and general information may be obtained on the Internet at www.eeoc.gov or by calling 1-800-669-4000 (TDD 1-800-669-6820).

_____
Marcia Ayres, President
Warfield-Rohr Casket Company


Date Posted: