IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * |
| Plaintiff, | * |
| v. | * Civil Action No. WMN-01-2872 * * |
| WARFIELD-ROHR CASKET COMPANY, INC. | * * |
| Defendant. | * * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**WARFIELD ROHR CASKET COMPANY, INC.'S OPPOSITION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REQUESTED BILL OF COSTS**

Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr"), by its attorneys, hereby opposes the Proposed Bill of Costs submitted by Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), and states as follows:

1. On March 17, 2005, the EEOC submitted a Proposed Bill of Costs (the "Bill of Costs") to the Clerk of the United States District Court for the District of Maryland, requesting a total of $8,248.59 to be taxed as costs against Warfield-Rohr incident to a judgment entered on March 3, 2005.

2. The EEOC seeks recovery of costs pursuant to 28 U.S.C. §1920, which allows the Court to tax as costs the following:

   (a)   Fees of the clerk and marshal;

   (b)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (c)   Fees and disbursements for printing and witnesses;

      (d)      Fees for exemplification and copies of papers necessarily obtained for use in this case;

      (e)      Docket fees under section 1923 of this title;

      (f)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3.    A trial court possesses broad discretionary powers in the allowance or disallowance of the requested costs. Advance Business Systems & Supply Company v. SCM Corp., 287 F. Supp. 143, 162 (D. Md. 1968), affirmed and remanded on other grounds, 415 F.2d 55(4th Cir. 1968). In the event that this Court allows the jury's verdict to stand, notwithstanding the arguments articulated in Warfield-Rohr's Motion for Judgment and/or for a New Trial, the Court should decline to tax the costs requested by the EEOC. The jury's verdict already more than fully compensates Plaintiff, consisting of an award of nearly $200,000 in liquidated damages. The award easily compensates Plaintiff for the costs of litigation, so the Court should exercise its discretion and deny the Bill of Costs in its entirety.

4.    Furthermore, the Court should not award the costs sought by the EEOC because the majority of the costs are unreasonable and unrecoverable. Not every expense of litigation is recoverable as costs. Id. In determining whether costs should be awarded, the reasonableness of the requested costs is the principal consideration. Keystone Shipping Co. v. S.S. Monfiore, 275 F. Supp. 606 (D. Tex. 1967). If the costs sought by the prevailing party were not necessarily obtained to substantiate the party's claim, then the costs are not recoverable. Advance Business Systems, 287 F. Supp. 143. The burden of proving the reasonableness of the costs is on the party seeking the costs – here, the EEOC. Emerson v. National Cylinder Gas Co., 147 F. Supp. 543 (D. Mass. 1957). However, conclusory assertions of reasonableness are

insufficient to satisfy the EEOC's burden.  Goluba v. Brunswick Corp., 139 F.R.D. 652, 656 (E.D.Wis. 1991).

     5.    Most of the costs claimed by the EEOC are unreasonable and unrecoverable.  The following costs requested by the EEOC should not be awarded because the EEOC has failed to prove their reasonableness:

     A.    The EEOC requests the cost of the deposition transcript of Charles Herb.  Mr. Herb did not testify at trial, and the EEOC did not use his deposition transcript at trial or in any motion.  Accordingly, the cost of Mr. Herb's deposition transcript is not recoverable. Advance Business Systems, 287 F. Supp. at 165 (holding that the cost of five depositions which were taken purely for discovery purposes, and not used at trial, would not be taxed as costs.).

     B.    The EEOC also attempts to recover costs for the deposition transcripts of Orva Kencel, Michael Eisenhardt, Matthew Moore, Elizabeth Skenderovich, Michael Osmeyer, and John Rosenberger.  Each of these witnesses testified at trial, but the EEOC either did not use the transcripts from these depositions, or used them sparingly.  Costs are not allowed for depositions which are solely for investigation or discovery purposes.  Id.; Card v. State Farm Fire & Casualty Company, 126 F.R.D. 658, 661 (N.D. Miss. 1989).  Costs for depositions are taxable at the discretion of the trial court only when the depositions were reasonably necessary for use at trial.  Advance Business Systems, 287 F. Supp. at 165.  The deposition transcripts for which the EEOC seeks reimbursement were not necessary, as evidenced by the EEOC's lack of use of the transcripts.

     C.    The EEOC also seeks the costs of the transcript of Dr. Sovan Tun.  Dr. Tun's deposition transcript was also not necessarily obtained for use at trial.  The EEOC did not utilize Dr. Tun's deposition transcript at trial in any way.  Accordingly, the cost of Dr. Tun's

MD_DOCS_A #1254574 v1

deposition transcript is not recoverable. Id. Furthermore, Dr. Tun admitted at trial that all of his calculations and conclusions were flawed and inaccurate. It is unreasonable for the EEOC to claim recovery for the cost of the deposition transcript of an expert witness who admitted at trial that his testimony was worthless.

D.  The EEOC also seeks the printing and copying costs during discovery of over 2,000 pages of Mr. Kuehnl's bound journal. Only a few pages of Mr. Kuehnl's bound journal were actually used at trial or in any motions or briefs. The EEOC has failed to demonstrate that its discovery production was reasonably necessary to its claim. General discovery copying costs are not reimbursable. Goluba, 139 F.R.D. 652 at 656. Accordingly, the EEOC cannot recover the costs of copying the entirety of Mr. Kuehnl's journal.

E.  The EEOC also claims as copying costs over $400.00 for the copying of trial exhibits and tabs, consisting of over 3,500 pages. Presumably, these costs primarily include the re-copying of Mr. Kuehnl's journal in its entirety, although only several pages were actually used as evidence at trial.[1] The EEOC has failed to demonstrate that the re-copying of all of Mr. Kuehnl's journal was an expense reasonably necessary for its case, especially in light of the fact that the EEOC did not introduce any of the journal as evidence at trial. Accordingly, the EEOC's printing and copying costs are not recoverable. See, e.g., Miller v. City of Mission, Kansas, 516 F. Supp. 1333, 1339 (D.C. Kan. 1981) (holding that photocopying costs were not reimbursable because costs incident to preparation for trial are not recoverable).

---

1   The EEOC identified Mr. Kuehnl's entire journal as an exhibit in its pre-trial statement, but failed to introduce any pages of the journal.

F.  The EEOC seeks recovery of amounts incurred for Dr. Tun to stay in a hotel while he was in Baltimore. However, it was not reasonably necessary for Dr. Tun to stay in a hotel, as he was perfectly capable of traveling to Baltimore from his home in Silver Spring, Maryland[2] without requiring an overnight trip. In fact, it is less than 35 miles from Silver Spring to Baltimore. The costs and subsistence of witnesses who could have returned to their homes overnight while in attendance in court are not allowed as costs. Kaiser Industries Corp. v. McLouth Steel Corp., 50 F.R.D. 5, 10-11 (D. Mich. 1970).

G.  The EEOC also seeks subsistence and mileage costs for Frederick Kuehnl. However, Mr. Kuehnl is, in effect, the Plaintiff in this action, and is not merely a witness. Accordingly, his subsistence costs are not recoverable as "fees and disbursements for … witnesses" under 28 U.S.C. §1920 (3).

H.  The EEOC should also not be permitted to recover mileage and subsistence for Mr. Kuehnl because Mr. Kuehnl voluntarily moved away from Baltimore to his retirement home in Delaware. Without Mr. Kuehnl's voluntary decision to move, his subsistence and mileage charges would not have been incurred.

I.  Furthermore, even if the EEOC is permitted to recover Mr. Kuehnl's subsistence costs, the EEOC clearly overreaches when it seeks mileage in excess of the generally applied 100-mile territorial limitation. If a witness attends from out of the district, mileage can be taxed only to the extent of 100 miles. Spiritwood Grain Co. v. Northern Pac. Ry. Co., 179 F.2d 338 (8th Cir. 1950). The EEOC has not demonstrated any special circumstances

---

[2]  The EEOC's attorney, Regina Andrew, informed the Court during a bench conference that Dr. Tun resides in Silver Spring.

necessitating a waiver of the 100-mile limitation. Accordingly, even if the EEOC is permitted to recover Mr. Kuehnl's mileage, the mileage should be capped at 100 miles each way.

For the reasons stated herein, Warfield-Rohr request that the District Court deny the EEOC's Bill of Costs.

Respectfully submitted,

/s/ Charles S. Hirsch_____
Charles S. Hirsch
Glenn A. Cline
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th floor
Baltimore, Maryland 21202
(410) 528-5600

Attorneys for
Warfield-Rohr Casket Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April 2005, a copy of Warfield-Rohr Casket Company, Inc.'s Opposition to the Equal Employment Opportunity Commission's Requested Bill of Costs was electronically served on:

>Regina M. Andrew, Esquire
>Equal Employment Opportunity Commission
>Baltimore District Office
>10 South Howard Street
>Third Floor
>Baltimore, Maryland 21201

    ___/s/ Charles S. Hirsch_____
    Charles S. Hirsch