IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * * | |
| Plaintiff, | * * | Civil Action No. WMN-01-2872 |
| v. | * * | |
| WARFIELD-ROHR CASKET COMPANY, INC. | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**WARFIELD-ROHR'S CASKET COMPANY, INC.'S OPPOSITION TO
PROPOSED ORDER SUBMITTED BY THE EEOC**

Warfield-Rohr Casket Company, Inc. ("Warfield-Rohr") by its attorneys, and pursuant to this Court's Order of June 29, 2005, submits this Opposition to the Proposed Order Submitted by the EEOC, and states as follows:

1. Warfiled-Rohr objects to the EEOC's proposed order submitted on July 9, 2005 to the extent it requires the posting of the Notice attached to its proposed order as Exhibit A.

2. The Court, in its Memorandum Opinion, stated that an anti-discrimination notice should be posted because such a notice is required by the ADEA. Memorandum Opinion at 27; 29 U.S.C. § 627.

3. The EEOC, however, is not proposing that the standard anti-discrimination notice be posted. The EEOC's proposed Notice references the outcome of this lawsuit and requires that it be signed by Warfield-Rohr's president. That is not what the ADEA requires.

4. The ADEA Notice required under 29 U.S.C. § 627 need only provide employees a meaningful opportunity to become aware of their ADEA rights. Morse v. Daily Press, Inc., 826

F.2d 1351, 1353 (4th Cir. 1987). Warfield-Rohr has already complied with this requirement by posting a notice containing the standard language advising employees of their rights under the ADEA.

5.  Therefore, the additional Notice requested by the EEOC is unnecessary. However, if the Court believes it is appropriate for Warfield-Rohr to post an additional Notice affirming that it will comply with the ADEA, the Notice should not include the initial paragraph proposed by the EEOC referencing the outcome of this case. Moreover, this additional Notice should be for a limited duration in the range of 60-90 days.

6.  As explained in Warfield-Rohr's Response to the EEOC's Proposed Findings of Facts and Conclusions of Law, the sole decision maker who terminated Mr. Kuehnl is deceased and there was no evidence presented at trial that Warfield-Rohr has any institutional bias. Accordingly, there is no justification for requiring the posting of the additional Notice requested by the EEOC; at the very least, there is no justification for the inclusion of the language contained in the first paragraph of the EEOC's proposed Notice and the requirement that it be posted permanently.

WHEREFORE, Warfield-Rohr requests that it not be required to post the additional Notice submitted by the EEOC or, in the alternative, that the first paragraph of the Notice and the requirement that the Notice be posted permanently be deleted.

Respectfully submitted,

____/s/ Charles S. Hirsch_____
Charles S. Hirsch
Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th floor
Baltimore, Maryland 21202
(410) 528-5600
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July 2005 a copy of the foregoing Warfield-Rohr Casket Company, Inc.'s Opposition to Proposed Order Submitted by the EEOC was electronically served on:

> Regina M. Andrew, Esquire
> Equal Employment Opportunity Commission
> Baltimore District Office
> 10 South Howard Street
> Third Floor
> Baltimore, Maryland 21201

                                                 /s/ Charles S. Hirsch
                                                Charles S. Hirsch