```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION                        :
                                  :
v.                                :   Civil No. WMN-01-2872
                                  :
WARFIELD-ROHR CASKET COMPANY,     :
INC.                              :
```

### ORDER

On February 25, 2005, a jury found that Defendant Warfield-Rohr Casket Company, Inc. had willfully violated the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634 (West Supp. 2004), when it fired Mr. Fred Kuehnl. Plaintiff Equal Employment Opportunity Commission (EEOC) had brought suit on Kuehnl's behalf and the jury awarded Kuehnl $397,948.75.  Soon after trial, in support of its motion for injunctive relief, Plaintiff submitted its proposed findings of fact and conclusions of law, and attached a proposed anti-discrimination notice for Defendant to post for its employees. Paper No. 56 Ex. A.  Defendant opposed the proposed notice posting stating it "should not be required to post a notice to its employees on its premises" and asked the Court to delay ruling until Defendant's motion to throw out the jury verdict was adjudicated.  Paper No. 59 at 9.

On June 29, 2005, this Court denied Defendant's motion for judgment as a matter of law or a new trial.  See Paper No. 75. In so doing, the Court also noted that the ADEA already requires

all employers covered by the statute to post an anti-discrimination notice.  The Court stated it would grant Plaintiff's request to post the proposed EEOC notice "provided that, in its final form, it deletes the first paragraph, which states the notice is posted by agreement of the parties, and correctly identifies Defendant's President."  Id. at 27-28.  The Court also stated its intention to grant the unopposed request for a permanent injunction against future ADEA violations.  It required Plaintiff to submit its proposed order enjoining further ADEA violations by Defendant and its corrected proposed anti-discrimination notice to be posted in Defendant's workplace.

   Accordingly, Plaintiff has requested that Defendant be permanently enjoined from violating the ADEA and has submitted its proposed injunctive order and a proposed notice which replaces the initial paragraph with one stating that the notice is being posted pursuant to this Court's order and based on a finding that Defendant violated the ADEA.  Defendant now opposes a permanent injunction and objects to the second proposed order as excessive in light of the notice requirement stated in 29 U.S.C. § 627.  Paper No. 78. Defendant notes that the unlawfully discriminating decisionmaker is deceased and that Defendant, as an institution, has an excellent record of employing members of the ADEA's protected class.  It also asserts that it already posts an ADEA anti-discrimination notice that fully complies with

2

the statutory notice requirement, but it does not attach a copy of that notice or state that the EEOC has "prepared or approved" their posted notice.  See 29 U.S.C. § 627.

The Court will order Defendant to properly post Plaintiff's proposed notice in its workplace.  The Court has no basis for finding the notice currently posted is sufficient and will therefore require Defendant to post the proposed EEOC notice found as attachment "A" to Paper No. 77.  Considering the circumstances of this case, however, the Court sees no need to order any further injunctive relief.  In so ruling, the Court notes that the discriminating decisionmaker is deceased and there is little in the record that gives the Court cause for concern that Defendant's employees going forward are more likely than the general working population to be discriminated against on the basis of age.  To the contrary, Defendant's experience in this protracted litigation, which ended with a $400,000 judgment against it, leads the Court to believe that Defendant will operate with a particularly heightened awareness of the impropriety of age discrimination and be especially unlikely to engage again in any conduct prohibited by the ADEA.

In light of these considerations, the Court will not issue a permanent injunction that simply restates the existing mandate of the ADEA.  The ADEA is the law of the land; Defendant, by this point in the proceedings, should be well aware of it and fully

comply with it.  The Court is also disinclined to issue a temporary injunction because it does not want to imply that ADEA violations would be serious if committed in the next 60-90 days but less so if committed after that period ended.  An ADEA violation is equally repugnant regardless of its timing.  Anytime an employer violates the ADEA, it is susceptible to suit.

Therefore, IT IS this 6th day of September 2005, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant post the proposed EEOC notice found as attachment "A" to Paper No. 77; and

2. That this action is hereby CLOSED;

3. That any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this Order shall be deemed to be a final judgment within the meaning of Fed. R. Civ. P. 58; and

4. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

                                                  /s/
                                   William M. Nickerson
                                   Senior United States District Judge