IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. WMN-01-2872 |
| v. | ) ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) ) ) ) |
| Defendant. | ) ) |

**EEOC'S MOTION TO CLARIFY ORDER OF JUDGMENT**

Pursuant to Fed. R. Civ. P. 60(b), Plaintiff Equal Employment Opportunity Commission ("EEOC") moves this Court to clarify its Order of Judgment, dated March 3, 2005, which reflects that judgment was entered in favor of Plaintiff in the sum of Three-hundred ninety-seven-thousand, nine-hundred forty-eight dollars and seventy-five cents, ($397,948.75), with costs. EEOC requests that the Court's Order of Judgment be clarified to show Mr. Kuehnl as the direct payee of the judgment because he is the beneficiary of the jury's award of back pay and liquidated damages.

As grounds for its Motion, EEOC states that Defendant continues to stall its obligation to satisfy this eight-month-old judgment by incorrectly naming EEOC as payee of funds consisting of Mr. Kuehnl's back pay and liquidated damages award, plus post-judgment interest. Defendant offers alternatively to pay the judgment and post-judgment interest directly to Mr. Kuehnl on the express condition that EEOC waive its costs in this action. Several attempts by the undersigned

EEOC Trial Attorney to resolve this matter with Defendant's counsel have been unsuccessful.

In its Order, dated September 6, 2005, the Court declared that EEOC brought suit on Mr. Kuehnl's behalf and the jury awarded him $397,948.75. Section 626(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§621 *et seq.*, and Sections 216-17 of the related Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* provide for enforcement actions brought by the EEOC. The statute contemplates that an enforcement action brought by the EEOC is an alternative to actions brought by individual claimants. When the agency brings suit, an individual claimant's right to do so is terminated. 29 U.S.C. § 626(c). In this case, EEOC terminated Mr. Kuehnl's right to bring suit under the ADEA. It is undisputed that Mr. Kuehnl is not the plaintiff in this case, but he is the statutory beneficiary for the purpose of the back pay and liquidated damages award. See *Brennan v. Heard*, 491 F.2d 1 (5th Cir.1974).

It is published and widely-known that EEOC, pursuant to its long-standing policy, does not receive and distribute monetary awards to claimants vindicated by its lawsuits. 3 EEOC Compliance Manual (BNA) RA:0641 (July 29, 2005) *EEOC's Regional Attorneys' Manual, April 2005* (previously the *Regional Attorneys' Deskbook, 1990),* also available publically on EEOC's Web site. In this case, EEOC cannot receive and distribute Mr. Kuehnl's funds because it has no established procedures, secured accounts, or other mechanisms required to properly administer funds.

**WHEREFORE**, EEOC respectfully requests that the Court enter an order clarifying that Mr. Fred Kuehnl, who is the intended beneficiary of the jury's award, is the payee of the monetary judgment, plus post- judgment interest accrued to the date of the clarified order. Furthermore, EEOC requests that any award of costs granted by this Court in connection with

EEOC's pending particularized Bill of Costs be retained by plaintiff, together with the award of costs in the amount of $546.00 granted by the Court of Appeals (Document No. 80).  For the Court's convenience, a form of order is attached.

                                       Respectfully submitted,

                                       JAMES L. LEE
                                       Deputy General Counsel

                                       GERALD S. KIEL
                                       Regional Attorney

                                       DEBRA M. LAWRENCE
                                       Supervisory Trial Attorney

                                       _____/s/_____
                                       REGINA M. ANDREW
                                       Trial Attorney

                                       EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION
                                       Baltimore District Office
                                       10 S. Howard Street
                                       Baltimore, Maryland 21202
                                       (410) 962-4220