IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) CIVIL ACTION NO. WMN-01-2872 |
| v. | ) <br> ) |
| WARFIELD-ROHR CASKET COMPANY, INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REPLY BRIEF

Plaintiff, United States Equal Employment Opportunity Commission, submits this brief in reply to Defendant Warfield-Rohr Casket Company Inc.'s Response to EEOC's motion to clarify the Court's Order of Judgment entered in this action on March 3, 2005.

At issue is whether the Court's Order of Judgment should be clarified to reflect that the jury's verdict, plus post-judgment interest, is payable directly to Mr. Fred Kuehnl as the intended third party beneficiary. Defendant argues that it can satisfy the judgment against it by paying the jury's verdict directly to EEOC and not Mr. Kuehnl. This argument is spurious and has the intended effect of further stalling Defendant's obligation to satisfy the judgment against it.

Defendant does not dispute that Mr. Fred Kuehnl is the intended third party beneficiary of the jury's verdict of $397,948.75 rendered in EEOC's favor on February 25, 2005. As far back as November 16, 2005, Defendant acknowledged its obligation to make payment and queried whether the check should be "made payable to EEOC". **Exhibit 1**

Defendant complied with EEOC's direction to make the checks payable to Mr. Kuehnl and issued two checks – one in the amount of $114,105.68 for back pay (less state, federal, medicare and social security liability), the other in the amount of $202,963.81 for liquidated damages and post-judgment interest, but now refuses to release the checks. Defendant is holding the checks hostage, refusing to release them to Mr. Kuehnl unless EEOC agrees to waive the government's costs in this action. Apparently, Defendant argues that because Mr. Kuehnl is the payee that somehow the costs associated with prosecuting this action never were incurred. This argument clearly is illogical and EEOC is entitled to its costs regardless of the identity of the payee.

EEOC's Bill of Costs application in the amount of $8,248.59 is a completely separate matter pending before the Court. The government's costs awarded in this case has no connection whatsoever to Defendant's obligation to pay Mr. Kuehnl's back pay and liquidated damages award. Defendant has articulated no justifiable reason why it will not release Mr. Kuehnl's checks. The Court should not sanction this transparent delay tactic in making Mr. Kuehnl whole for Defendant's discrimination against him.

## CONCLUSION

The Commission regrets having to involve the Court in such an unnecessary conflict. Sadly, this conflict results in Mr. Kuehnl not being paid his award. As the date of this Court's final order of September 6, 2005 fades into the past, Defendant's actions appear to be committed in bad faith. The Commission respectfully requests the Court to promptly resolve this matter.

    Respectfully submitted,

    JAMES L. LEE
    Deputy General Counsel

        GERALD S. KIEL
        Regional Attorney

        DEBRA M. LAWRENCE
        Supervisory Trial Attorney

        _____/s/_____
        REGINA M. ANDREW
        Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Baltimore District Office
        10 S. Howard Street, 3rd Floor
        Baltimore, Maryland 21201
        Tel.: (410) 962-4220