IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY          *
  COMMISSION,
         Plaintiff                               *

     v.                                                   *    CIVIL ACTION NO.  WMN-01-2872

WARFIELD-ROHR CASKET COMPANY,         *
  INC.,
        Defendant                              *
                             ******

## O R D E R

On March 8, 2005, after a four day jury trial, judgment was entered in favor of Plaintiff and against Defendant.  Paper No. 63.  On March 17, 2005, Plaintiff filed a Bill of Costs in the amount of $8,248.59.  Paper No. 67.  Plaintiff seeks the taxation of service of process, deposition, printing, and witness fees.  *Id.*  Defendant has filed an opposition.  Paper No. 71.  No hearing is needed to resolve basic taxation issues in this case.  *See* Local Rule 105.6 (D. Md. 2004).

### Deposition Costs

Plaintiff seeks $5,170.28 in fees associated with the depositions of Dr. Sovan Tun, Frederick Kuehnl, William H. Ayres, Mathew Moore, Elizabeth Skenderovic, Michael Osmeyer, John Rosenberger, Orva Kencel, Charles Herb, and Michael Eisenhardt. To determine whether the deposition expenses are properly taxable, a judge may consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking.  See Advance Business Systems & Supply Co. v. SCM Corporation, 287 F.Supp. 143, 165 (D.Md 1968).  While **a judge** may allow the cost of any deposition that is deemed to be "reasonably necessary to the party's case in light of the particular situation existing at the time of the taking," the Clerk in this

District traditionally has exercised a more limited authority.  The undersigned may, except in exceptional circumstances, allow the costs associated with deposing opposing parties, the cost associated with depositions that were actually used in connection with the event that terminated the litigation, and the cost associated with purchasing copies of depositions taken by opposing counsel.

Additionally, the undersigned observes  that the maximum page rate at which a **copy** of a transcript will be taxed is $1.25 per page.  The maximum rate at which an original transcript will be taxed is $3.50 per page.  Moreover fees associated with delivery, handling, copies of deposition exhibits, and signing fees are not recoverable.   In light of the foregoing Plaintiff shall be allowed costs as follows:

**Deposition of**

| | | |
|---|---|---|
| Matthew Moore | 171 pages @ $2.65 per page | $453.15 |
| Elizabeth Skenderovic | 67 pages @ $2.65 per page | $177.55 |
| Michael Osmeyer | 181 pages @ $2.65 per page | $479.65 |
| John Rosenberger | 53 pages @ $2.65 per page | $140.45 |
| Orva Kencel | 88 pages  @ $2.65 per page | $233.20 |
| Michael Eisenhardt | 148 pages @ $2.65 per page | $392.20 |
| Frederick Kuehal 5/16/02 | 356 pages @ $1.95 per page | $694.20 |
| Frederick Kuehal 5/17/02 | 303 pages @ $1.95 per page | $590.85 |
| | | $3,161.25 |

**Copy of Deposition of**

| | | |
|---|---|---|
| Sovan Tun, Ph.D. | 77 pages   @ $1.25 per page | $ 96.25 |
| Frederick Kuehal 9/22/04 | 246 pages   @ $1.25 per page | $307.50 |
| | | $ 403.75 |

Defendant maintains that the costs of the depositions of Orva Kencel, Michael Eisenhardt, Mathew Moore, Elizabeth Skenerovich, Michael Osmeyer, John Rosenberger, and Dr. Sovan Tun should be disallowed because Plaintiff either did not use the transcripts from the depositions, or used

them sparingly.  As noted above, the Clerk's review of deposition costs is a narrow one.  Each of the listed witnesses listed above testified at trial.  Accordingly, the undersigned finds that the costs associated with their depositions are reasonable as delineated above.  It does not appear that Charles Herb or William Howard Ayres testified at trial.  Accordingly, fees associated with their depositions shall be denied.

### Fees for Service of Summons and Subpoena

Plaintiff seeks $245.00 in fees incidental to private service of document and deposition subpoenas.  The Clerk of the Court will tax reasonable private service fees for: (1) summons and other initial process; (2) trial subpoenas as to witnesses who have testified at trial; and (3) deposition subpoenas as to depositions taxed as costs.  The costs shall be allowed in their entirety.

### Copywork

Plaintiff seeks $877.98 in copywork fees.  Copying fees are recoverable if the papers were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  Fees to duplicate documents used at trial and copies furnished to the court and opposing counsel are recoverable.  See Board of Directors, Water's Edge v. Anden Group, 135 F.R.D. 129, 138-139 (E.D. Va. 1991); Charter Med. Corp., 127 F.R.D. at 114. Copies made solely for the convenience of counsel are not ordinarily allowed. See Thomas v. Treasury Management Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994).  The Clerk has reviewed the aforementioned taxation request and shall deny $434.40 for the invoice entitled "Document Technologies, Inc.–Copying bound journals totaling 2, 172 pages @ $.20 pp." This exemplification costs appears to have been incurred by Plaintiff during its investigation and preparation of the case.  Moreover, to the extent a portion of this cost was incurred in providing the court and opposing counsel copies, Plaintiff has failed to itemize such charges.  The Clerk will,

3

however, allow $443.98 for exemplification of trial exhibits and tabs, as requested by Plaintiff.

## Witness Fees

Plaintiff seeks reimbursement for Frederick Kuehnl's travel from Selbyville, Delaware to Baltimore, Maryland to attend deposition and trial. The standard taxable limit for mileage is 100 miles.  See Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143, 164 (D.Md. 1968).   Accordingly the mileage allowance shall be reduced to $81.00 for each trip made by Frederick Kuehnl for a total of $162.00.  Plaintiff seeks $75.00 for parking for Mr. Keuhnl for five days during the trial.  For the reasons set out below, parking will be allowed for three days for a total of $45.00.  Plaintiff has also sought reimbursement for Mr. Keuhnl's hotel accommodations in the amount of $226.30 and $94.00 subsistence allowance for his attending a one day deposition in September, 2004.   Plaintiff seeks $748.15 in lodging expenses and $211.50 subsistence allowance relative to Mr. Keuhnl's attendance at  trial.  The maximum per diem rate for Fiscal Year 2004 was $186.00 Accordingly, the costs associated with Mr. Keuhnl's attendance at the deposition shall be reduced to $372.00.  The maximum per diem rate for Fiscal Year 2005 was $180.00.  Trial notes reveal that Frederick Keuhnl testified on the first and second day of trial.  It would be reasonable therefore for him to incur lodging expenses for the day preceding his testimony through the day following his testimony, or stated another way three nights of  lodging.  Accordingly, the costs associated with Mr. Keuhnl's attendance at trial shall be reduced to $540.00.[1]

Plaintiff also seeks reimbursement for Dr. Tun's overnight lodging in Baltimore during his deposition and attendance at trial.  There is no apparent justification (other than convenience) for

---

[1]It may of course have been reasonable for Mr. Keuhnl to be present at each day of trial. Such information, however, is not available to the Clerk based on the records before her.

4

the expenses incurred by Dr. Tun who lived less than 100 miles away in Silver Spring, Maryland.[2]

See generally Oetiker v. Jurid Werke, GmbH, 104 F.R.D. 389, 392 (D.D.C. 1982)(hotel costs unnecessary expense where witness lived in Potomac, Maryland and trial was held in the District of Columbia); Jackson v. Color Tile, Inc., 638 F.Supp. 62, 66 (N.D. Miss. 1986)(5th Cir. 1986)(hotel expenses unnecessary for witnesses living about one hour from courthouse).  Dr. Tun's mileage expenses shall be allowed in the full amount requested, $81.00.  Plaintiff requests $15.00 for parking for Dr. Tun during the trial.  This amount shall be allowed.

## Conclusion

For the foregoing reasons, costs are awarded to Plaintiff in the amount of $5,468.98.


  __January 19, 2006_____                    _____/s/_____
  Date                                             Frances E. Kessler
                                                   Deputy Clerk for:
                                                   Felicia C. Cannon, Clerk

---

[2]Defendant contends in its opposition that Dr. Tan's residence was revealed during trial. Plaintiff's Bill of Cost supports the fact that Dr. Tan lives no further than 100 miles from Baltimore based on the submission for mileage reimbursement.

6